**OAK CLIFF STATE BANK & TRUST CO. v. TRAVIS et al. (No. 8317.)**

(Court of Civil Appeals of Texas. Dallas. Feb. 21, 1920.)

1. CHATTEL MORTGAGES ⬨138(1) — LIVERY STABLE KEEPER'S LIEN FOR CARE OF ANIMALS MORTGAGED HELD INFERIOR TO MORTGAGE LIEN.

Under Vernon's Sayles' Ann. Civ. St. 1914, arts. 5664 and 5671, giving proprietors of livery stables a special lien for food, care, and attention, and providing that such lien shall not impair other liens, the lien of a livery stable keeper for board of mules, created after the execution of a mortgage on such mules, of which the livery stable keeper has notice, is inferior to the lien of the mortgage.

2. CHATTEL MORTGAGES ⬨49(1) — DESCRIPTION OF MULES IN CHATTEL MORTGAGE HELD SUFFICIENT.

A description in a chattel mortgage of certain mules as "two grey mules about 16 hands high and one bay mule about 16 hands high. Said property now situated in Tarrant county, on the J. B. Grieder farm about 4½ miles northwest of Grand Prairie, Tex.," held sufficient to charge a livery stable keeper who claimed a lien for the keeping of such mules with notice of the mortgage.

Appeal from Dallas County Court; T. A. Work, Judge.

Action by the Oak Cliff State Bank & Trust Company against E. L. Travis and another. Judgment for defendants, and plaintiff appeals. Reversed in part and rendered, and in part affirmed.

Morris & Williamson, of Dallas, for appellant.

Scott & Fagan, of Dallas, for appellees.

TALBOT, J. The appellant, Oak Cliff State Bank & Trust Company, brought this suit against the appellees, E. L. Travis and W. D. Cloud, to recover on a promissory note for $200, interest and attorney's fees executed by the said E. L. Travis, and to foreclose a chattel mortgage lien given by Travis to secure the payment of said note on three mules. The mortgage was duly filed for registration in Dallas county, Tex., the county of the mortgagor's residence, on May 23, 1917. W. D. Cloud was made a party defendant because he claimed a livery stable keeper's lien created about March 1, 1918, and appellant's prior mortgage lien was sought to be foreclosed also as against him. The appellee E. L. Travis entered his appearance, but filed no answer and made no defense. The appellee W. D. Cloud pleaded a general denial and specially, by way of cross-action, that at the time of the filing of this suit he had in his possession three mules, the property of the appellee Travis; that for

a long time prior thereto he was engaged in the business of a livery stable keeper, and had kept and boarded three mules belonging to Travis, for which Travis, at the date of the filing of this suit, owed him the sum of $90, the same being the reasonable value of the board and care of said animals, and asserted the lien given by statute upon said animals to secure the payment of his claim, as a prior lien to that of the appellant, if appellant had a lien, which was denied. A jury was waived and the case submitted to the court. After hearing the pleadings and evidence, the court rendered judgment in favor of the appellant for the amount of his debt against E. L. Travis, and in favor of appellee W. D. Cloud against Travis for $87.50 on his claim for the board of the mules in controversy. The appellant's chattel mortgage lien was foreclosed on the three mules, subject, however, to the statutory lien of Cloud, which the court held to be prior and superior to the lien of the appellant.

[1] The only question for decision is whether or not the court erred in adjudging appellee W. D. Cloud's statutory lien to be "prior and superior" to the appellant's chattel mortgage lien. We have reached the conclusion that this question should receive an affirmative answer. Upon what ground the trial court held the lien of the appellee Cloud to be prior and superior to the appellant's lien does not appear from the record. The appellee Cloud contends that the case was tried upon the theory that the only material issue in the case was as to whether or not the description of the mules as contained in the appellant's chattel mortgage was sufficient to put the appellant upon notice that they were the same mules tendered appellee by Travis for board in his livery stable; the appellee contending that such description was not sufficient for that purpose, and the appellant contending that it was. However this may be, it seems to be well settled that under articles 5664 and 5671 of Vernon's Sayles' Civil Statutes, which were articles 3319 and 3326 of Sayles' Ann. Civ. Statute of 1897, giving proprietors of livery stables a special lien on animals for food, care, and attention, and providing, in substance, that such lien shall not impair other liens arising by statute or otherwise, the lien of a livery stable keeper for the board of such animals created after the execution of a mortgage thereon by the owner, of which the livery stable keeper has constructive notice, is inferior to the lien of the mortgage. This is true for the reason that when the animals are placed in the stable by the mortgagor without the knowledge or consent of the mortgagee, and mortgagor, though in possession, is not the agent of the mortgagee, and cannot sell or incumber the property to the detriment of

⬨For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

the mortgagee without his consent, the liveryman, when he voluntarily boards the animal, must look to the person leaving the animal with him, and his lien is only on the interest of such person. Blackford et al. v. Ryan et al., 61 S. W. 161; Masterson v. Pelz et al., 86 S. W. 56; Jones on Liens, § 691; Stott v. Scott, 68 Tex. 302, 4 S. W. 494 —may be consulted as illustrative of the principle. The undisputed evidence shows that appellant's chattel mortgage on the mules in question was executed and filed for registration and duly registered in Dallas county on May 23, 1917; that long subsequent to that date the mules were placed with appellee by the mortgagor Travis for food, care, and attention, and there is no testimony whatever that appellant knew of such action on the part of the mortgagor or consented thereto.

[2] Should the court's judgment be sustained upon the ground that the mules were not described with sufficient certainty in the appellant's chattel mortgage to identify them from other like property or put the appellee upon notice that they were the same mules tendered him for board at his livery stable? We think not. The mules were described in the mortgage as "two grey mules about 16 hands high and one bay mule about 16 hands high. Said property now situated in Tarrant county, on the J. B. Grieder farm about 4½ miles northwest of Grand Prairie, Tex.," the mortgage reciting that they should remain in the possession of the mortgagor subject to all the conditions of the mortgage. This description of the property, under similar or analogous cases, decided by the appellate courts of this state, was sufficient, in our opinion, to charge the appellee with notice of appellant's mortgage upon the same. The recognized rule is:

"That as against third persons the mortgage must point out the subject-matter, so that the third person may identify the property covered by the aid of such inquiries as the instrument itself suggests."

Manifestly, had the appellee made the inquiry suggested by the facts stated in appellant's mortgage, and which under the rule stated he was required to make, such inquiry would have led to a knowledge of the fact that the mules he received from E. L. Travis to be fed and cared for by him were the same mules described in and covered by said mortgage. Not only the color and height of the mules are given in the mortgage, but their situs was clearly made known by the recitation that the mortgagor was the owner, that they were situated in Tarrant county, Tex., on the J. B. Grieder farm about 4½ miles northwest of Grand Prairie, and were to remain in the possession of the mortgagor on said farm. Besides, there is no pretense that the mortgagor held or owned other property of the kind in question. We therefore conclude that it should be held that the lien acquired by appellee Cloud was subject to appellant's mortgage. Blythe v. Crump, 28 Tex. Civ. App. 327, 66 S. W. 885; Pitluk & Meyer v. Butler et al., 156 S. W. 1136; Boykin v. Rosenfield, 69 Tex. 115, 9 S. W. 318.

The judgment of the county court, in so far as it declares and adjudges that the statutory lien of the appellee Cloud is "prior and superior" to the mortgage of the appellant and forecloses appellant's mortgage lien subject to such statutory lien, is reversed, and judgment here rendered adjudging the appellant's lien to be prior and superior to appellee's lien, with a foreclosure thereof, and that appellee's lien be foreclosed, subject to appellant's lien. The judgment of the county court in other respects will be affirmed.