**HOLT et al. v. SCHWARZ.  (No. 6438.)**

(Court of Civil Appeals of Texas. San Antonio. Nov. 23, 1920. Rehearing Denied Dec. 16, 1920.)

**1. Chattel mortgages** ⊜⟹138(1) — **Superior to subsequent lien for repairs on automobile.**

Where a chattel mortgage on an automobile was duly executed, filed, and registered, subsisting and unpaid when defendant made repairs on the automobile, and defendant had full notice thereof, the chattel mortgage was superior to the lien for work and materials furnished for repairs, whether defendant retained possession or not, and whether the repairs increased the value or not.

**2. Judgment** ⊜⟹240—**Joint judgment for defendants answering separately held erroneous.**

Where, in a suit to foreclose a chattel mortgage, defendants S. and C. answered separately, S. claiming a lien for storage, and C. a lien for repairs, it was error to render a joint judgment for them for the amount of C.'s claim as proved; there being no proof with respect to S.'s claim.

Appeal from Nueces County Court; H. R. Sutherland, Judge.

Action by J. Schwarz against Henry Holt and others. From a judgment giving plaintiff's mortgage priority over their liens, defendants Chalk and Saunders appeal. Affirmed in part, and in part reversed and rendered.

E. B. Ward, of Corpus Christi, for appellants.

E. A. McCampbell, G. R. Scott, and Boone & Pope, all of Corpus Christi, for appellee.

COBBS, J.  This suit was filed by appellee against appellants to recover on promissory notes, executed by Henry Holt and Mrs. M. Holt, payable to appellee, secured by their chattel mortgage on a certain automobile, described, and to foreclose the chattel mortgage lien on said property in satisfaction thereof. The chattel mortgage was properly registered at once.

Appellants Chalk and Saunders filed separate answers; Chalk alleging in substance: That he was a mechanic engaged in repairing and furnishing labor and material for repairing automobiles and other vehicles for hire, and that at the special instance and request of defendant Henry Holt he furnished labor and material for repairing said automobile, setting out an itemized statement thereof in an exhibit to his answer; said work, etc., amounting to $145.83, which was a fair charge for same. That he had a statutory lien upon the said automobile to secure the payment of said charges, and that he had sold the same as the law provided to satisfy such claim, and that he purchased the said automobile at such sale. That by virtue of

the facts his was a superior lien under the law. That without the improvements the automobile was practically worthless, and that his labor and material enhanced the value of said automobile to the extent of at least $150—alleging the automobile had been sequestered by plaintiff, and asking for judgment against the plaintiff and sureties on the replevin bond, and further that plaintiff had converted the automobile in question, etc., praying for judgment accordingly.

The defendant Saunders alleged: That the automobile in question had been left in his garage for 12 months during the time it was being repaired, and after it was repaired was left in his garage for 12 months, as shown by exhibit to the petition, and he was entitled to his storage charges, which · were $5 per month totalling $58.30. That while he had a lien on said automobile, and while the same was in his possession, plaintiff seized and converted, etc.

The cause was tried without a jury, and the court rendered judgment for plaintiff against Henry Holt and wife for the sum of $354, with interest, and in favor of appellants, Saunders and Chalk, for $150, against Holt and wife for costs, and that they take nothing against plaintiff or the sureties on the replevin bond, and foreclosed the plaintiff's lien as a first and superior lien upon the said automobile, and foreclosing appellants' as a laborer's lien upon said automobile secondary to appellees. The court rendered judgment that appellants pay no cost.

[1] The first assignment of error is:

"The court erred in its second conclusion of law, wherein it holds as follows: 'I conclude as a matter of law that plaintiff's lien, represented by the chattel mortgage referred to in the findings of fact, constitute a first lien upon said automobile, and that the lien of defendants Geo. F. Chalk and W. A. Saunders is a second lien and in full effect, secondary to the lien to plaintiff'—because, as shown by the facts, the lien of Geo. F. Chalk was for work and material furnished for improvements and betterments on said car, which is, by virtue of the statute in such cases, superior to a chattel mortgage."

When the car was delivered to appellants for repair, the chattel mortgage had been duly executed, filed, and registered, was subsisting and unpaid and appellants had full notice thereof when they performed the work. There is no provision of the statutory ·law of this state that postpones or subordinates the prior valid chattel mortgage liens to liens of. repair shops or mechanics made upon automobiles when. such prior chattel liens are in force. If no such lien can be postponed by such repairs, it is unimportant whether the mechanic or repair shop retains possession or not, or whether they increase the value by way of betterments. The mort-

gagee's rights must be considered. He might not be willing for extensive repairs to be made, so that his securities may be impaired. One dealing with mortgaged property does so at his peril.

We regard this, and all like questions, settled by our Supreme Court in the case of American Type Founders' Co. v. Nichols, 214 S. W. 301. The assignments of error 1, 2, and 3, are therefore overruled.

[2] In appellants' fourth assignment it is complained that the judgment does not conform to the pleadings, because appellants in their cross-answers allege separate causes of action and were entitled to judgments separately in accordance with the pleadings, and not jointly.

Appellants' statement in their joint brief is that Saunders alleged he had a claim for storage for $58.30, and testified the account sued on for $145.83 belonged to Chalk, and the court rendered a joint judgment for Chalk and Saunders for $150. This was erroneous. No proof was made with respect to Saunders' claim, but it was proven that Chalk had a claim against Holt for $145.83, on which he demanded judgment for $150, to which he showed himself justly entitled. The judgment in favor of Schwarz will be affirmed in all things, and the judgment awarding Saunders and Chalk a joint recovery will be reversed, and this court, proceeding to enter such judgment as the trial court should have entered on the other issues, adjudges that Chalk recover of Holt the sum of $150, with interest thereon from the date of the judgment of the trial court, and for foreclosure of his laborer's lien, second to the lien existing in favor of Schwarz, and that Saunders take nothing by his suit; that the plaintiff, Schwarz, recover his costs of the trial court of all the defendants, and that Chalk recover his costs as against Henry Holt and Mrs. M. Holt, but that Saunders pay all costs by him incurred; also that appellee, Schwarz, recover the costs of this appeal from Saunders and Chalk, and that Chalk recover of Henry Holt and Mrs. M. Holt the costs of the appeal, and that Henry Holt and Mrs. M. Holt recover of Saunders one-half of the costs of this appeal.