## DALLAS COUNTY STATE BANK v. CRISMON et al. (No. 8557.)

(Court of Civil Appeals of Texas. Dallas. June 4, 1921.)

**Chattel mortgages ⬤=138(1)—Superior to mechanic's lien for repairs.**

A properly recorded chattel mortgage on an automobile is a lien superior to the lien of a mechanic for repairs made subsequent to the mortgage, though the mortgage obligated the mortgagor to keep the automobile in repair, where it also provided that he should not incumber or permit any incumbrance or lien of any character against it.

Error from Dallas County Court; T. A. Work, Judge.

Suit by the Dallas County State Bank against B. E. Crismon and others. Judgment granting plaintiff insufficient relief, and it brings error. Reversed and rendered.

Holland & Bartlett, of Dallas, for plaintiff in error.

J. R. Golden, of Dallas, for defendants in error.

TALBOT, J. This suit was brought by Dallas County State Bank against B. E. Crismon, Used Ford Corporation, and E. U. Conrad to recover balance due on a note secured by chattel mortgage executed by said Crismon payable to Used Ford Corporation and transferred for value and before maturity by said corporation to said bank, and to foreclose a chattel mortgage on an automobile truck. Conrad was made a party defendant by the bank, he having possession of the truck claiming a mechanic's lien thereon. Defendant Crismon filed no answer. There was no issue as to the amount due the bank or as to the validity of the chattel mortgage held by it. The chattel mortgage was on record, and the defendant in error was therefore affected with notice.

The defendant in error, E. U. Conrad, answered, alleging that during March and April, 1920, he was engaged in the automobile garage business, furnishing material and labor to repair cars for hire, and that while so engaged, the defendant B. E. Crismon brought to him the automobile upon which plaintiff is seeking to foreclose a lien, and requested him to make such repairs on said automobile as were necessary to put said car in good condition so that the same could be operated and used for the purposes for which it was intended that it should be used. That defendant in error repaired said car, furnishing such material and such labor and performing such services as were necessary in connection therewith, and that the reasonable value of the labor, services, and material so furnished, and which were necessary to the continued operation of the car, was in the sum of $217.16, which said amount the said B. E. Crismon, as owner of said car, agreed to pay to defendant in error for such labor, material, and services rendered by him. Defendant in error further pleaded that the mortgage contract obligated the defendant B. E. Crismon to keep the automobile truck in good repair; that the repairs made by the defendant in error were necessary for the preservation and betterment of the automobile and the continued operation thereof; that the value of said car in its broken down condition at the time it was delivered to defendant in error to be repaired by him was approximately $275 or $300; and that the value of the same after it had been repaired by defendant in error was approximately

$650 to $700, and the court found that the repairs made by the said Conrad increased the value of said automobile truck to the extent of the repairs made by him.

The chattel mortgage, among other things, provided that mortgagor "will not incumber or permit any incumbrance or lien of any character whatsoever against the same."

The case was tried before the court without a jury. The court rendered judgment for the bank for $495.60 with foreclosure of its chattel mortgage lien, and for the defendant Conrad for $142.85 with foreclosure of his mechanic's lien, and decreed that same was a superior lien, to the prior recorded chattel mortgage lien held by the bank. From this judgment the bank sued out a writ of error.

There was no controverted issue as to the amount due the bank or as to the validity of the chattel mortgage lien held by it. The only disputed question in the case was and is with reference to the priority of liens shown. In other words, the question involved in the controversy in the county court was and is in this court, whether or not the existing chattel mortgage lien of the bank is superior to the after-acquired and established mechanic's lien of the defendant in error, E. U. Conrad. The counsel for the defendant in error has filed in this court a very interesting, persuasive, and able brief in support of his contention that the established mechanic's lien is the superior lien, but it appears, we think, that the Supreme Court and the Courts of Civil Appeals of this state, which have passed upon the question with possibly one exception, have held to the contrary. American Type Foundry v. Nichols (Sup.) 214 S. W. 301; Ferrel-Michael Abstract & Title Co. v. McCormac et al. (Com. App.) 215 S. W. 559; Jesse French Piano & Organ Co. v. Elliott, 166 S. W. 29; Holt v. Schwarz, 225 S. W. 856. The matter seems to have been very carefully considered and exhaustively discussed in the cases cited, and anything we might say in disposing of this appeal in addition to what is said would be superfluous and useless. In the first case cited the Supreme Court held that a lien of a printer on a printing press and gasoline engine is subordinate to the lien of a chattel mortgage filed for record before the printer began his employment, notwithstanding such statute provides for "a first lien." In that case the court said that the effect of its decision was to subject to the employé's lien the property created by or necessarily connected with the performance of his labor, as that property stood at the time of his employment, but that the court declined, in the absence of clear language regarding it, as have most of the courts of last resort in the United States, to extend the employé's lien so as to attach to and diminish or destroy the interest or right of an innocent lienholder which had vested prior to the employment, and of which the employé was chargeable with notice. In support of the conclusion reached the Supreme Court quoted from the opinion of the Supreme Court of Michigan in the case of Denison v. Shuler, 47 Mich. 598, 11 N. W. 402, 41 Am. Rep. 734, the .following:

"The mortgage was on file and defendants were therefore affected with notice. On general principles it would seem that the lien so carefully reserved by the vendor, the person furnishing the entire original machine, ought to have priority over the subsequent repairers. The engine itself included all the labor and all the material necessary for its production, and when the plaintiff sold it he virtually furnished to his vendees that labor and those materials, and preserved an express lien. The repairers did less. Their expenditure was comparatively small, and they acted in making it under circumstances which charged them with notice of the plaintiff's prior lien. Why should their claim be preferred?"

Following this quotation our Supreme Court said that the final conclusion of the Michigan Supreme Court was the same as that announced by it, and was embodied in the following sentence:

"Had it been intended that the kind of lien in question should operate retrospectively and override prior securities executed to secure purchase money, it is not to be supposed that the Legislature would have left the purpose in any doubt."

In Holt v. Schwarz, supra, the facts were practically the same as in the instant case, and the Court of Civil Appeals for the Fourth District said:

"When the car was delivered to appellants for repair, the chattel mortgage had been duly executed, filed, and registered, was subsisting and unpaid, and appellants had full notice thereof when they performed the work. There is no provision of the statutory law of this state that postpones or subordinates the prior valid chattel mortgage liens to liens of repair shops or mechanics made upon automobiles when such prior chattel liens are in force. If no such lien can be postponed by such repairs, it is unimportant whether the mechanic or repair shop retains possession or not, or whether they increase the value by way of betterments. The mortgagee's rights must be considered. He might not be willing for extensive repairs to be made, so that his securities may be impaired. One dealing with mortgaged property does so at his peril."

These decisions settle the question against the defendant in error, and requires that the judgment of the county court be reversed,. and that judgment be here rendered for the plaintiff in error.

The fact that the mortgage contract obligated the mortgagor, Crismon, to keep the automobile in good repair does not materially alter the case. It was also provided in the chattel mortgage that the mortgagor "will not incumber or permit any incumbrance or

lien of any character whatsoever against the same." In view of this latter provision it may well be said that it was in the contemplation of the parties that the mortgagor should keep the automobile in repair at his own expense without incumbering it for the cost of such repairs, and hence the interdiction of such incumbrance.

All the material facts were developed in the trial below, and no good would be accomplished by remanding the case for another trial. The judgment of the trial court will therefore be reversed, and judgment here rendered, establishing the Dallas County State Bank's mortgage lien as a superior lien to the after-acquired mechanic's lien of the defendant E. U. Conrad, and adjudging costs against him. The judgment of the county court below will not otherwise be disturbed.

---

⬅️For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes