## OVERLAND AUTOMOBILE CO. OF DALLAS v. FINDLEY et al. (No. 2440.)

(Court of Civil Appeals of Texas. Texarkana. July 2, 1921. Rehearing Denied Oct. 6, 1921.)

. Chattel mortgages ⊙⇒138(1)—Chattel mortgage held superior to mechanic's lien for repairs of automobile.

A chattel mortgage on an automobile to secure its purchase price is superior to a mechanic's lien for repairs thereon.

2. Estoppel ⊙⇒22(2)—Recital in chattel mortgage held not to estop mortgagee from asserting priority of lien.

That a chattel mortgage securing the purchase price of an automobile required the mortgagor to "properly care" for the property *held* not to constitute a consent to have the car repaired at a distant garage to which it had been taken in violation of the mortgage and the statute, so as to estop the mortgagee from asserting that his lien was superior to a mechanic's lien for repairs.

⊙⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**3. Chattel mortgages ⊜138(1)—Mortgagor in possession not authorized to contract lien superior to registered mortgage.**

A mortgagor, though in possession, is not the mortgagee's agent; and the mortgagor does not, in the absence of some authorization by the mortgagee, sustain to the mortgagee any relation which authorizes him to contract any liability on his behalf or to contract a lien that shall have priority over his registered chattel mortgage.

Appeal from District Court, Harrison County; P. O. Beard, Judge.

Action by M. Turney against A. E. Findley, the Overland Automobile Co. of Dallas, and another, with cross-action by the Overland Company. Judgment for plaintiff and for the Overland. Company against defendants, adjudging that plaintiff's lien was superior to that of the company, and the company appeals. Affirmed.

Appellee M. Turney, who is the plaintiff, sued appellee Findley as maker, and the Sanders Overland Motor Company, a corporation, as indorser, of a promissory note, and to foreclose a chattel mortgage lien on a certain automobile. The appellant, a corporation, was made a party defendant in the suit upon the allegations that it is now holding possession of the automobile, claiming a lien thereon to secure payment of charges for repairs made upon it. The defendant Sanders Overland Motor Company answered by general denial and prayed for judgment against the defendant Findley for such amount as the plaintiff might recover against it as indorser. The defendant Overland Automobile Company of Dallas answered by general denial, and by cross-action pleaded that the defendant Findley delivered the automobile to it and contracted to have certain repair work done on it by this company, and that in compliance with the contract this company furnished the necessary material and parts and labor for the repairs required in order for the automobile to be operated, and for which repairs it has a lien as well by statute as at common law and in equity. This company further pleaded that it had a storage lien. The prayer was for its repair and storage debts and to have foreclosed the mechanic's and storage liens, and that the liens be declared first and superior liens, and that the automobile be sold to satisfy the indebtedness secured by the liens.

The case was tried before the court without a jury, and a judgment entered in favor of the plaintiff Turney against defendants Findley as principal and the Sanders Overland Motor Company as indorser of the note in the sum of $1,180.40, and in favor of the Overland Automobile Company of Dallas against defendant Findley for $286.66 for repairs and storage. It was further ordered that the chattel mortgage lien of plaintiff and the mechanic's lien of defendant be foreclosed, and that the officer executing the order of sale apply the proceeds of sale—

"first, to the costs of this suit, then apply the balance thereof to the recovery herein in favor of the plaintiff, and if there be anything left from the proceeds of such sale after the payment of the costs and of the plaintiff's judgment said officer shall apply the same to the payment of the claim of the Overland Automobile Company of Dallas; it being herein adjudged that the lien held by the plaintiff is the first lien against said automobile and superior to the lien held by the Overland Automobile Company of Dallas."

It appears that the Sanders Overland Motor Company sold the defendant Findley a Willys-Knight automobile, and that as a part of the consideration therefor he executed a note dated June 16, 1920, and to secure the payment of the note a chattel mortgage was executed and delivered to the Sanders Overland Motor Company and was duly registered in the county clerk's office on June 17, 1920. On June 17, 1920, the note was transferred to the plaintiff M. Turney, for a valuable consideration, by the Sanders Overland Motor Company, indorsed in blank. The defendant Findley carried the automobile to Dallas and delivered it to the Overland Automobile Company of Dallas about July 10, 1920, for the purpose of having certain repairs made on it and to replace or renew certain parts of the machinery which were necessary for its operation. The Overland Automobile Company of Dallas operates a garage in Dallas, and is engaged in repairing automobiles and furnishing supplies and materials therefor. At the time of the delivery of the car to the Overland Automobile Company of Dallas the defendant Findley agreed in writing with this company for such repairs, material, and new parts; and in pursuance of the agreement said company furnished the labor, supplies and material required, amounting to $196.88. The Overland Automobile Company of Dallas had no knowledge or notice of the chattel mortgage lien of plaintiff, except such constructive notice as the law would charge by reason of registration of the mortgage. After the repairs had been made and the supplies and material furnished, the Overland Automobile Company of Dallas retained possession and still had possession when the suit was brought; the charges not having been paid, though requested by the defendant. It was further proven that after the defendant's failure to pay for the repairs the Overland Automobile Company of Dallas retained possession of the automobile and began charging storage for the same, amounting to $88 at the time of the trial. The automobile was carried to Dallas by the defendant Findley in violation of the terms of the mortgage, and neither Mr. Turney nor the Sanders Overland Motor Company knew about

the automobile being taken to Dallas until some time after the repairs were made on it, and did not consent at the time, or afterwards, that the repairs be made on it by the Overland Automobile Company of Dallas.

The chattel mortgage given by the defendant Findley to the Sanders Overland Motor Company provides that—

"This instrument is intended as a mortgage to secure my indebtedness to said company, as evidenced by my note of this date, payable to the order of said company at its office in Marshall, Tex., bearing interest from date until paid at the rate of 10 per cent. per annum, providing for 10 per cent. of the principal and interest as attorney's fees if collected by suit or by foreclosure without suit or if placed in the hands of an attorney for collection; the amount and date thereof being as follows: One note for $1,000, due as follows, $333 on July 15, 1920; $333 on August 15, 1920; $334 on September 15, 1920; and to secure any and all other sums of money which I now owe or may owe said company for gasoline, oils, tires, parts, accessories, material, or labor furnished for said automobile prior to the payment in full of the above-described note. And if I pay off and discharge said note and all other indebtedness mentioned herein then this instrument shall be null and void. But if I fail to pay off and discharge the above-described indebtedness, or any part thereof, promptly when due, or in case I remove or threaten to remove said property from its usual location without the consent of the holder of said indebtedness, or fail to properly care for said property or keep the same insured as hereinafter stipulated, or if the holder of said indebtedness shall deem itself insecure, it may at its option declare all of said indebtedness due and take immediate possession, or cause its agent or attorney or an officer of the law to take immediate possession, of said property, and sell the same at public or at private sale for cash or upon such terms as it may think most advantageous to the interest of the holder of said note, and, after deducting the expense of said sale, including a commission of 10 per cent. to the person making said sale, and all expenses incurred in making such repairs as the holder of said indebtedness may think advantageous to the sale of said automobile, apply the proceeds to the payment of the indebtedness herein."

It was further proven that the Sanders Overland Motor Company, at the time the mortgage was given and since, was engaged in operating a general garage in Marshall, Tex., the residence of defendant Findley, and operated a repair shop in connection with the garage, and also was the selling agent for the Overland and the Willys-Knight automobiles and the parts thereof.

Bibb & Caven, of Marshall, for appellant.
Cary M. Abney and Wm. F. Young, both of Marshall, for appellees.

LEVY, J. (after stating the facts as above). The appellant by its assignment of error challenges the ruling of the trial court that the chattel mortgage lien held by the plaintiff was superior and should be paid out of the proceeds of the sale of the automobile in priority to the mechanic's lien held by the appellant. The appellant predicates error upon the two grounds: (1) That under the Constitution and laws of the state a mechanic's lien for the value of material and labor furnished is superior and payable prior to a registered chattel mortgage lien on the property; and (2) that the mechanic's lien of appellant for labor and repairs is, in the evidence in this case, superior and prior in payment to the chattel mortgage of the plaintiff, because by the terms of the mortgage the mortgagor had consent of the mortgagee to procure repairs and incur expenses for the repairing of the automobile.

[1] The first proposition is, we think, in effect, settled by the Supreme Court in the case of American Type Founders' Co. v. Nichols, 110 Tex. 4, 214 S. W. 303. See Ferrell v. McCormac, 215 S. W. 559; Holt v. Swartz, 225 S. W. 856; Jesse French Piano Co. v. Elliott, 166 S. W. 29.

In the second proposition the appellant relies upon the following clause in the chattel mortgage as giving precedence of its mechanic's lien over the chattel mortgage lien:

"If I [mortgagor] fail to properly care for such property * * *. the holder of the indebtedness may, at his option, declare all of said indebtedness due and take immediate possession of said property and sell the same."

Appellant argues that the term "properly care for such property" obligates the mortgagor, in order to avoid optional maturity of the debt and foreclosure by the holder of the indebtedness, to keep the automobile in repair, and that therefore the stipulation has the legal effect of an agreement or consent on the part of the mortgagee or holder of the indebtedness that the mortgagor may incur expenses for repairing the automobile and may employ any third party to work thereon and furnish the necessary material for repairs in such a manner as to create a lien for such work and material. The brief recites as authorities: 6 C. J. p. 1138, par. 90; 3 R. C. L. p. 134, par. 56; Watts v. Sweeney, 127 Ind. 116, 26 N. E. 680, 22 Am. St. Rep. 615.

The principles of the authorities cited above rest entirely upon agency, express or implied, in the mortgagor to contract such liability, and upon personal estoppel of the mortgagee. So in this case, if it should appear that the mortgagor has acted under the express or implied consent of the mortgagee in doing what he did, i. e., to procure repairs to be made on the automobile by a third person and to create a mechanic's lien, then estoppel by agency or authority would apply, and in virtue of the estoppel the mortgagee's chattel mortgage lien would be postponed in favor of the mechanic's lien.

Again, if the mortgagee by his conduct, in effect, authorized the repairs to be made and the mechanic's lien to attach, then personal estoppel of the mortgagee would apply and the chattel mortgage lien, in virtue of the estoppel, would be postponed next after the mechanic's lien.

[2] But it is thought that none of these grounds arise in this case. Appellant relies upon a recital, quoted above, in the chattel mortgage, the construction and legal effect of which becomes a matter of law for the court to decide; there being no dispute about the words. The agreement is that "the mortgagor" shall "properly care for the property"; from which it is but reasonable to expect the mortgagor to personally attend to the automobile and repair it, if necessary, during the time of its use by him and the existence of the mortgage. The words "properly care for the property" would ordinarily admit of the right of the mortgagor, which he had independent of the stipulation, to get the automobile repaired, if necessary, at his own proper cost and charge by a third person, or give a mechanic's lien thereon for the repairs subject to the chattel mortgage lien. But there is not room enough in the words of the stipulation to declare that the mortgagee expressly agreed or consented that the mortgagor could get the automobile repaired, if necessary, by a third person, at the expense or credit of the mortgagee, or that the mortgagor could contract a mechanic's lien for repairs, if necessary to be made, under the usual and ordinary terms that the mechanic should have a lien upon the automobile for the work and labor expended upon it.

And next considering the stipulation in connection with the facts and circumstances of the case, it is believed that it is not shown nor disclosed that the mortgagor had implied authority or consent from the mortgagee to contract a mechanic's lien with appellant that would be superior to and take precedence over the mortgagee's lien. The real facts, that are undisputed, point only to that conclusion. The automobile was carried by the mortgagor from its usual location in Marshall, in Harrison county, to Dallas, in Dallas county, and there placed with appellant for repairs about July 10, which was less than 30 days from the date of the mortgage and before the maturity of the first installment of the note payable July 15. There is an express stipulation in the chattel mortgage for optional maturity of the debt and foreclosure "in case I [mortgagor] remove or threaten to remove said property from its usual location without the consent of the holder of the indebtedness." The statutes of the state (Rev. St. art. 5660) also forbid the removal without consent of the mortgagee. Neither the holder of the indebtedness nor the mortgagee gave consent to the mortgagor to take the automobile to Dallas, and neither of them knew or had any information about its being carried there and placed with appellant until after repairs were made, and then did not consent nor agree to such repairs. The mortgagor carried the automobile to Dallas in strict violation of the terms of the mortgage as well as the statute. The appellant required a written contract from the mortgagor for the repairs before making the same. In these circumstances it is believed that any implied consent of the mortgagee that the mortgagor might incur the liability of repairs with appellant or any other third person is not found. In making the repairs the appellant seemingly acted upon mere possession of the automobile by the mortgagor and the contract with the mortgagor personally.

[3] The mortgagor, though in possession. is not the mortgagee's agent; and the mortgagor does not, in the absence of some authorization by the mortagee, sustain to the mortgagee any relation which authorizes him to contract any liability on his behalf or to contract a lien that shall have priority over his registered chattel mortgage. It is only "under special circumstances," as stated in the authorities, that a mechanic's lien for repairs can be made paramount and superior to a prior registered chattel mortgage lien. And in the absence of circumstances, as here, of any authorization of the mortgagee, the appellant then acted under the circumstances which charged it with notice of the prior registered chattel mortgage; and, having such constructive notice, would take only a statutory mechanic's lien. Appellant would not have an equitable lien nor any equitable ground for precedence.

It is not thought, as further argued by appellant, that the stipulation itself that "if the mortgagor failed to properly care for such property that the indebtedness might be matured," would necessarily be construed as indicating implied consent on the part of the mortgagee that the mortgagor might incur expenses for safe-keeping and employ a third person to make proper repairs of the automobile. In the case of Drummond Carriage Co. v. Mills, 54 Neb. 417, 74 N. W. 966, 40 L. R. A. 761, 69 Am. St. Rep. 719, the chattel mortgage provided that the mortgagee should, at his option, be entitled to take possession of the mortgaged property "if the said [mortgagee] shall so negligently or improperly use or care for said property as to subject the same to probable loss or material depreciation of the value thereof." The court did not hold that this clause was sufficient to show implied authority of the mortgagor from the mortgagee to procure the repairs to be made on the mortgaged buggy. The court held that the stipulation in the chattel mortgage, in connection with the evidence, did disclose that the mortgagor had at least implied authority from the

mortgagee to have the repairs made. That evidence was as follows:

"It was also in evidence that the defendant in error [mortgagee] saw the buggy and rode in it frequently, and had knowledge of its being repaired by plaintiff in error, at least once when he was present and it was run into the carriage company's place of business to be repaired by it."

And even if that case is strong enough to be accepted, which we do not say, it would not rule the instant case. For if appellant relies, as it does, on a particular term of the mortgage, it would be charged with notice of all the terms of the mortgage. And looking to the terms of the mortgage, as appellant would be required to do, it is found that the chattel mortgage stipulated as follows:

"And to secure any and all other sums of money which I now owe or may owe said company for gasoline, oils, tires, parts, accessories, material, or labor furnished for said automobile prior to the payment in full of the above-described note."

Appellant would thus be informed that the mortgagee, itself operating a repair shop and garage, had already contracted to make the repairs necessary for purposes within the intention of the mortgage, and had secured the indebtedness therefor by a lien on the automobile. Also the automobile, by express terms, was not to be removed from the county. The mortgagee having already expressly contracted to make the repairs necessary for the purposes within the intention of the mortgage, and having stipulated against the removal of the automobile without its consent to any other place or county, the appellant, having constructive notice of such terms of agreement, may not reasonably have presumed or inferred that the mortgagor had any consent from the mortgagee to take the automobile, in violation of the statute and the agreement, to another county and have appellant or any other third person there make the repairs and create a mechanic's lien in precedence and in priority of the chattel mortgage lien. It is laid down in 5 Elliott on contracts, § 4838, that—

"An agreement which will defeat the purpose of the transaction should not be inferred or implied against a mortgage without very cogent evidence."

The authorities cited by appellant are not applicable and are entirely dissimilar to the instant case.

There is no pretense in the facts that the mortgagee or holder of the indebtedness, by any personal conduct or representations, was estopped from asserting priority of the chattel mortgage lien, and therefore this phase is not further discussed.

The judgment is affirmed.

---

⊝For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes