## COMMERCIAL CREDIT CO., Inc., v. BROWN et al. (No. 1330.) *

(Court of Civil Appeals of Texas. Beaumont. Feb. 26, 1926. Rehearing Denied March 17, 1926.)

1. **Chattel mortgages ☞138(1)—Mechanic, who repaired mortgaged automobile in possession of mortgagor, held to have lien superior to mortgage (Const. art. 16, § 37; Vernon's Sayles' Ann. Civ. St. 1914, arts. 5644, 5665).**

Mechanic, who repaired mortgaged automobile in possession of mortgagor, and retained possession thereof to secure payment of charges till it was taken by mortgagee's writ of sequestration, *held* to have lien superior to mortgage, in view of Const. art. 16, § 37, and Vernon's Sayles' Ann. Civ. St. 1914, art. 5665, which provide for mechanics' liens; article 5644 not being controlling.

2. **Chattel mortgages ☞138(1)—Parties to chattel mortgage on automobile held presumed to contemplate statute providing for mechanic's lien (Const. art. 16, § 37; Vernon's Sayles' Ann. Civ. St. 1914, art. 5665).**

Parties contracting for chattel mortgage lien on automobile *held* presumed to do so in contemplation of and in subserviance to Const. art. 16, § 37, and Vernon's Sayles' Ann. Civ. St. 1914, art. 5665, providing for mechanic's lien for repairs.

3. **Chattel mortgages ☞138(1)—As respects priority of lien for repairs mortgagor in possession has implied authority to incur expenses necessary for preservation of mortgaged property.**

As respects priority of lien for repairs mortgagor in possession of mortgaged property has implied authority from mortgagee to incur upon faith of property, expenses necessary for its preservation.

4. **Chattel mortgages ☞138(1).**

Mechanic's lien on mortgaged automobile, repaired by him, *held* not superior to mortgagee's lien as to item of storage.

Appeal from Nacogdoches County Court; A. F. Russell, Judge.

Action by the Commercial Credit Company, Inc., against Edgar Brown, in which T. A. Arrant intervened. From the judgment, plaintiff appeals. Reformed and affirmed.

Seale & Denman, of Nacogdoches, for appellant.

Fairchild & Redditt, of Lufkin, for appellees.

O'QUINN, J. Appellant sued Edgar Brown in the county court of Nacogdoches county, Tex., on a note for the purchase of a Ford automobile in the sum of $260, payable in 12 monthly installments, and for the foreclosure of a chattel mortgage upon the automobile, given to secure the payment of said note.

Appellee T. A. Arrant intervened in the suit, and asserted that defendant, Brown, owed him a debt of $63.30 for labor done and material furnished in repairing said automobile, claimed his mechanic's lien against the automobile for the debt, and prayed for foreclosure of same.

The case was tried before the court without a jury, and judgment rendered for appellant against Brown for the amount of the note and for foreclosure of appellant's chattel mortgage lien upon the automobile, and also judgment in favor of the intervener, Arrant, for his debt and foreclosure of his mechanic's lien against said automobile, and decreeing that intervener's lien was superior to that of appellant and should be first satisfied. From this judgment appellant has appealed.

Upon proper request, the court made and filed his findings of fact and conclusions of law. They are:

"Finding of Fact and Conclusions of Law.

"First—Findings of Fact.

"(1) I find that on the 30th day of January, A. D. 1924, the defendant herein, Edgar Brown, executed to the plaintiff herein, the Commercial Credit Company, Inc., a chattel mortgage on one Ford touring car, motor No. 7931665, to secure the payment of a note in the sum of $260.52 to said company by the said Edgar Brown; the said indebtedness to be paid in monthly installments, and the car to remain in the possession of said Edgar Brown for his use and benefit.

"(2) I find that said chattel mortgage was duly filed for record on the 18th day of February, A. D. 1924, in the chattel mortgage records of Angelina county, Tex., the county in which said car was to be kept, and being the county of the residence of the defendant, Edgar Brown.

"(3) I find that on the 27th day of February, A. D. 1924, the aforesaid car was wrecked while in the possession and use of said Edgar Brown, being damaged to a great extent; said damages consisting of total destruction of the top, steering wheel, windshield, and frame, and other minor damages to parts of the car.

"(4) I further find that on said date the car in its damaged condition was turned over to T. A. Arrant, the intervener herein, who owned a garage situated in Lufkin, Angelina county, Tex., and who was a mechanic, artisan, and laborer, with the express agreement and understanding by and between the defendant, Edgar Brown, and the intervener, T. A. Arrant, that the said Arrant was to furnish the necessary material and labor for the repair of said car in order to place it in running condition, and that it was also agreed and understood that the said Arrant should retain possession of the car until his labor and material bill should be paid, and that said car would stand for the labor and material bill.

"(5) I further find that, at the time said car was placed in the possession of intervener, T. A. Arrant, for repair, it was not in a condition for use, and without said repairs and new parts,

it could not have been used, and that all of said repairs and parts were necessary for the use and preservation of said car.

"(6) I further find that the said T. A. Arrant, the intervener, who owned the garage and who furnished the material, is an artisan, mechanic, and workman; that he furnished the material set out in his itemized statement, and performed the labor therein set out, and that the same is just and reasonable, and the charges therefor, amounting to the total sum of $63.30 are just and reasonable.

"(7) I further find that, by reason of the wreck to said car, it was greatly damaged, and by reason thereof the value of same was decreased over the amount charged by the intervener for the material and repairs, and that, by reason of said repairs and material and labor placed on said car by the intervener herein, I find that the value of said car was increased or enhanced to an amount equal to or greater than the amount of intervener's account, $63.30.

"(8) I further find that, by reason of the repairs, labor, and material placed upon said car by the intervener, T. A. Arrant, the plaintiff herein, Commercial Credit Company, was benefited to an amount in excess of $63.30.

"(9) I further find that the said car, after being repaired and the material placed thereon by the intervener, T. A. Arrant, remained in his possession in his garage, he at all times holding same for his account until on or about the 14th day of April, A. D. 1924, at which time the plaintiff herein, having filed suit, had a writ of sequestration issued in its favor, and by reason thereof said car was taken from the possession of the intervener, T. A. Arrant, who did not at any time give up voluntarily the possession of same.

"(10) I further find that the defendant, Edgar Brown, agreed to the account of the intervener, T. A. Arrant, and agreed to pay same, but has refused to do so, and I also find that the plaintiff, the Commercial Credit Company, has failed and refused to pay the intervener, although demands have been made to said company. I further find that the defendant, Edgar Brown, owes the said plaintiff the amount sued for.

"Conclusions of Law.

"I conclude, as a matter of law, that the intervener, T. A. Arrant, was entitled to hold possession of said car until the payment of his account, and further conclude that for the payment of his account of $63.30 for labor, material, and repairs placed on said car, which were necessary for the use and preservation of said car, and has enhanced the value of said car to an amount equal to, if not greater than, the amount of the claim, he has a valid common-law and constitutional and statutory artisan's lien against said car for the payment of said car (charges), and that he also has an equitable lien for the payment thereof. I further conclude that, by reason of said car being wrongfully taken from his possession, the intervener is entitled to judgment for $63.30 against the said defendant, Edgar Brown, together with a foreclosure of his liens on said car for the payment of said amount. I further conclude as a matter of law that the liens of the intervener, T. A. Arrant, are superior to the chattel mortgage lien of the plaintiff herein. I further conclude that the plaintiff is entitled

to judgment for amount sued for against the defendant, Edgar Brown, together with a foreclosure of its chattel mortgage lien, but that said chattel mortgage lien shall be subject to the liens of said intervener, T. A. Arrant.

"A. T. Russell, Judge Presiding."

The record also contains the following agreement:

"It is further agreed and understood that the Commercial Credit Company had its chattel mortgage filed for record in Angelina county, Tex., where the defendant, Edgar Brown, resided and where intervener, T. A. Arrant, had his garage and place of business.

"It is further agreed and understood that the account of said T. A. Arrant attached to his plea of intervention is true and correct, that the account is just and reasonable for the labor and material, and the labor and material furnished were necessary for the use and operation of the car."

The appeal is before us on the one proposition that:

"Where a chattel mortgage on an automobile was duly executed, filed, and registered, subsisting, and unpaid when intervener made repairs on the automobile, and intervener had full notice thereof, the chattel mortgage was superior to the lien for the work and material furnished for the repairs, whether defendant retained possession of the car or not, and whether the repairs increased the value of the car or not."

[1] We think the holding of the court that the intervener's lien was superior to the chattel mortgage lien of appellant should be sustained. Article 16, § 37, Constitution of Texas; article 5665, Texas Complete Statutes 1920 (Vernon's Sayles' Ann. Civ. St. 1914, art. 5665); City National Bank v. Laughlin (Tex. Civ. App.) 210 S. W. 617; Jones on Liens, § 744; Jones on Chattel Mortgages, § 474.

The case of Bank v. Laughlin, supra, is directly in point, and the opinion of Judge Boyce of the Amarillo Court of Civil Appeals is so well considered and forceful that we especially refer to same and authorities therein cited. We are aware that the contrary has been held in Holt v. Schwarz, 225 S. W. 856 (San Antonio Court of Civil Appeals), and Bank v. Crismon, 231 S. W. 857 (Dallas Court of Civil Appeals), and Automobile Co. v. Findley, 234 S. W. 106 (Texarkana Court of Civil Appeals). We have the highest respect for and confidence in each of the able courts rendering the above decisions, but we believe that they have given to the case of American Type Founders' Co. v. Nichols, 214 S. W. 301, 110 Tex. 4, upon which their decisions are mainly based, an interpretation not warranted and not in the mind of the majority of the Supreme Court at the time of its rendition. The question here was not involved there.

In that case Judge Greenwood was discussing article 5644, Texas Complete Statutes 1920 (Vernon's Sayles' Ann. Civ. St. 1914; art.

5644), which relates solely to the lien given to certain *employés* to secure the payment of their wages. We do not believe that that statute covers or in any manner controls the question as applied to the facts of the instant case. Here we are considering the lien given to *mechanics* by the Constitution, art. 16, § 37, and the statute (article 5665, Texas Complete Statutes 1920), for the value of their labor done and material furnished in the making or repairing of any article or vehicle. This lien is given by the Constitution and the law to appellee as the person furnishing material and performing labor upon the automobile to pay him for his labor and material as a mechanic doing the labor and furnishing the material himself, not as an employé of some other person seeking to enforce the payment of wages against his employer. The lien existed at common law. Jones on Liens, § 731; 17 R. C. L. p. 601.

Texas adopted the common law in 1840. Article 16, § 37, of the Constitution was but the writing into the Constitution of what was already in the law by the adoption of the common law. In obedience to the command of the Constitution, the Legislature enacted article 5665 of the Revised Statutes to insure the *"speedy and efficient enforcement"* of the lien by providing that the mechanic is authorized to *retain the possession* of the article or vehicle upon which the labor was performed, and for the repair of which the material was furnished, until the amount due for the repairing same *"shall be fully paid off and discharged."* How could the mechanic, who performs labor and furnishes material in the repair of an automobile, receive the full benefit and protection provided for him by the Constitution and the law, if, when he attempts to hold possession of same until his charges are paid, some party who holds a chattel mortgage, a contractual lien, against the property can assert that his contractual lien is superior to the constitutional lien because in existence and upon record when the labor was performed and the material furnished, and may seize the property and take it out of the possession of the mechanic, notwithstanding the Constitution and the law give him the right to hold same? It is believed that the Legislature fully understood and meant what it said when it provided, in pursuance of the Constitution, that the mechanic should have the right to *hold possession of the article repaired until his charges were fully paid.* It did not attach any provisos to the statute—did not say the mechanic could retain possession of the article until his charges were paid unless some other party had a chattel mortgage lien on same. No restrictions or limitations whatever were indicated to the right, and none should be attached by judicial interpretation.

[2] Furthermore, we think that it should be held that, when parties contract for a chattel mortgage lien upon property, such as in the instant case, they do so in view of the constitutional provision and the statute, giving to mechanics a lien upon the property for labor done and material furnished in making repairs, and that it must be presumed that all such contracts are made in contemplation of and in subserviance to said constitutional and statutory provisions. We think, as the constitutional provision and statute were in force when the car was sold and the chattel mortgage taken, that same was done in contemplation of the possibility that, in the course of time and the use of the car, repairs would become necessary for its preservation and continued use, and that consequently a mechanic's lien upon car, under the Constitution, would attach for the benefit of the mechanic; in other words, that they contracted with the reasonable expectation of the mortgagee that the mortgagor would employ a mechanic to make repairs and furnish material for the necessary rejuvenation of the car, and that, in default of the mortgagor not paying the charges for the labor and material so furnished by the mechanic, he would claim and assert his lien upon the car for his unpaid charges.

[3] Moreover, we believe the rule is well established that, when personal property has been mortgaged and the chattel is left in the possession of the mortgagor and the nature of the property and the use to which it is to be put are such that it may reasonably be expected that, during the term of the mortgage, repairs, including the performance of labor and the furnishing of material, will be necessary to preserve the property and to continue its usefulness, and that such labor and material will preserve and enchance the value of the property, and the property is placed in the hands of a third party by the person in possession for such purpose, then the person performing such labor and furnishing such material has a lien on such property for the payment of the labor and material furnished by him, and as such necessary repairs are for the betterment of the property and add to its value, to the gain of the mortgagee, the lien in favor of the mechanic for the repairs is paramount and superior to the lien of the mortgagor. Jones on Liens, § 744. The labor and material in such cases are for the benefit of both the mortgagor and mortgagee, and the mortgagor, having been left in possession of the mortgaged property, has implied authority from the mortgagee to incur, upon the faith of the property, whatever expenses are necessary for its preservation. Jones on Liens, § 744; Jones on Chattel Mortgages, § 474; Association v. Cochran, 60 Tex. 620, 625; Bank v. De Blanc (Tex. Civ. App.) 247 S. W. 897, 901, 902.

[4] We believe that the express provision of the Constitution and the statute above referred to require that the judgment decreeing appellee's lien superior to that of appellant should be affirmed, but the record dis-

closes that, of the amount claimed by appellee to be due him, $11.75 of said amount was for storage of the automobile while he was holding it for payment of his repair bill. Appellee was not a warehouseman nor in the storage business. The storing of the car was incidental to his holding same until his repair charges were paid. We do not think he was entitled to a preference lien for this amount. The judgment will here be reformed by deducting this amount from the total claimed by him, $63.30, leaving $51.55, for which amount the judgment will be affirmed. The costs of the appeal are adjudged against appellee.

Reformed and affirmed.