## COMMERCIAL CREDIT CO., Inc., v. BROWN et al. (No. 687—4596.)

(Commission of Appeals of Texas, Section B. June 23, 1926.)

Chattel mortgages ⬦138(1).

Lien of mechanic repairing automobile in his possession, under Const. art. 16, § 37, and Rev. St. 1925, arts. 5503 and 5506, *held* not superior to prior registered chattel mortgage.

Error to Court of Civil Appeals of Ninth Supreme Judicial District.

Action by the Commercial Credit Company, Inc., against Edgar Brown, wherein T. A. Arrant intervened. Judgment was reformed and affirmed by the Court of Civil Appeals (281 S. W. 1101), and plaintiff brings error. Judgments of both courts reformed, and as reformed, affirmed.

Seale & Denman, of Nacogdoches, for plaintiff in error.

Fairchild & Redditt, of Lufkin, for defendant in error.

SPEER, J. The writ of error was granted herein on the conflict of decision amongst the Courts of Civil Appeals. The Court of Civil Appeals for the Ninth District, in affirming the judgment of the county court, held that the lien of a mechanic doing repairs upon an automobile was superior to the lien created by the prior registration of a duly executed chattel mortgage upon the car. 281 S. W. 1101. The holding is supported by the case of City National Bank v. Laughlin, 210 S. W. 617, by the Court of Civil Appeals for the Seventh district, and also by Houston, etc., Bank v. De Blanc, 247 S. W. 897, from the Ninth District, but is admittedly in conflict with the cases of Holt v. Schwarz, 225 S. W. 856, from the Fourth District, Dallas, etc., Bank v. Crismon, 231 S. W. 857, from the Fifth District, and Overland, etc., Co. v. Findley, 234 S. W. 106, from the Sixth District.

The Constitution of the state (article 16, § 37), provides:

"Mechanics, artisans and materialmen of every class, shall have a lien upon the buildings and articles made or repaired by them, for the value of their labor done thereon, or material furnished therefor; and the Legislature shall provide by law for the speedy and efficient enforcement of said liens."

This provision is self-enacting in the creation of the lien, but it will be observed the Constitution does not deal with the question of priority of liens upon the same property.

Rev. St. 1911, art. 5665 (now 5503), of the Statutes, declares that:

"Whenever any article, implement, utensil, or vehicle shall be repaired with labor and material, or with labor and without furnishing material by any carpenter, mechanic, artisan, or other workman in this state, such carpenter, mechanic, artisan, or other workman is authorized to retain possession of said article, implement, utensil, or vehicle until the amount due on same for repairing by contract shall be fully paid off and discharged."

Article 5671 (now 5506) provides:

"Nothing in this title shall be construed or considered as in any manner impairing or affecting the right of parties to create liens by special contract or agreement, nor shall it in any manner affect or impair other liens arising at common law or in equity, or by any statute of this state, or any other lien not treated of under this title."

The case of Hedeman v. Newnom, 109 Tex. 472, 211 S. W. 968, an opinion by Chief Justice Phillips, contains an admirable statement of the general principles which ought to control in a case of priority such as this. We quote him:

"It is a fundamental principle that no man can be deprived of his property without his own consent. It is likewise a maxim that no one can convey to another a better title than he has himself. Whatever may be the exceptions to these rules, they are controlling as general principles. * * * When this lien was given there was no husband. The property did not belong to a husband. There was no wife. The property was not that of any estate in which, under the law, a wife could have a claim or an interest. It belonged to the estate of a single man. In the property there was no right of any character in favor of a wife. A single man may unquestionably give a valid lien upon property which he owns. If he cannot, his right to the property is of no use or value. The mortgagee, therefore, acquired the lien when the mortgagor, alone, had any interest in the property, when the mortgagor had the undoubted power to validly grant the lien, when there was no wife having any kind of right in the property, even an inchoate right, and, hence, when there was no wife to be in any manner adversely affected by the lien. * * * With this true, upon what theory is the mortgagor, without fault of his own, to be divested of it? Upon what principle is it to be held that the estate of the husband which, upon his marriage, succeeded to the property impressed with the lien, acquired a better title than the husband had when he married?

"The general principles of law forbid any such extreme results. If they are to be sanctioned at all, it could only be through an imperative requirement of a clear and positive statute, in effect at the time the lien was taken, unmistakably declaring that a lien so given by a single man should, in the event of his marriage, death, and the insolvency of his estate, yield to the claim for allowances. One acquiring such a lien under such a law would take it forewarned of its possible defeat. It would not, in truth, amount to an absolute lien. * * * Such instances are sometimes found in certain statutory liens imposed for the doing of those things in respect to the property which necessarily inure to the mortgagee's benefit. But they are exceptional. In such cases the lien is given

precedence over the existing registered mortgage only where that construction of the statute is plainly required by its language. Generally, all such liens are held to be inferior to that of the existing mortgage since it is not to be supposed that a statute was intended to violate the fundamental rights of property by making a lien later in time superior to a prior mortgage without the mortgagee's consent."

The same learned writer, in Texas Bank, etc., Co. v. Smith, 108 Tex. 265, 192 S. W. 533, 2 A. L. R. 771, construing the priority between an irrigation company lien and the landlord's lien, had previously said:

"Ordinarily, a statutory lien will not be given precedence over an existing and duly registered lien. But there is no question as to the power of a legislature to give a statutory lien such priority where its object is to secure a charge necessary for the preservation of the property."

These principles, perhaps, find their most satisfactory concrete application in the case of American Type Founders' Co. v. Nichols, 110 Tex. 4, 241 S. W. 301, holding that a laborer's lien as a printer on a printing press and engine under article 5644 of the Revised Statutes of 1911 is subordinate to the lien of a chattel mortgage registered before the employee began his employment. It is there said:

"We might rest our answer on the proposition that there is no express legislative declaration of priority for the employees' liens, in the absence of which there can be no displacement of existing and registered liens."

In that case the statute declared the lien to be "a first lien." Notwithstanding this, it was held that such language, as also other similar phrases, such as "a preference lien," did not necessarily evidence a legislative intention to supplant prior existing liens. On the contrary, the court cited article 5671 of the Statutes (now 5506) as evidencing a contrary legislative intent. That article is quoted in this opinion.

When it is remembered that the Constitution declares no priority, that the statutes nowhere undertake to say that the mechanic's lien is superior to all others, and that article 5671 (5506) declares a saving of liens created by special contract, there is no doubt that the general rule of sanctity of contract should prevail, and that the holder of a chattel mortgage who has been diligent to protect his rights and has done all that the law demanded of him in order to preserve the fruits of his contract should be fully protected. The mechanic who furnishes material or performs labor in the repairs of a vehicle thus mortgaged does so voluntarily, and with full knowledge in law of the existing mortgage and the consequent rights of the mortgagee, and, "if he suffers loss by such conduct, it is his own fault. It was a matter of choice upon his part to do the work, and he assumed the risk of losing his hire when he entered into the contract." Wilson v. Donaldson, 121 Cal. 8, 53 P. 405, 43 L. R. A. 524, 66 Am. St. Rep. 17, cited in American Type Founders Co. v. Nichols, supra.

We therefore recommend that the judgments of the trial court and of the Court of Civil Appeals be reformed so as to decree plaintiff in error's chattel mortgage lien to be superior to defendant in error's mechanic's lien, and entitled to priority payment from the proceeds of sale upon foreclosure.

CURETON, C. J. Judgments of the district court and Court of Civil Appeals reformed and affirmed, as recommended by the Commission of Appeals.