**LOCK v. REED et al.**

No. 2806.

Court of Civil Appeals of Texas. El Paso.

March 30, 1933.

W. B. Silliman, of Fort Stockton, for appellant.

Turney, Burges, Culwell & Pollard, of El Paso, and R. D. Blaydes, of Fort Stockton, for appellees.

HIGGINS, Justice.

Appellant Lock brought this suit against Ben Reed and Pacific National Agricultural Credit Corporation to recover for pasturage of certain cattle at the rate of 50 cents a month per head from June 12, 1931, and to foreclose an agister's lien securing the payment of the amount sued for.

The cattle in question were mortgaged by Reed to said corporation on February 5, 1931. The mortgage was duly registered February 24, 1931. At the date of the mortgage the cattle were located three miles north of Fort Stockton in Pecos county. On June 12, 1931, Reed moved the same to appellant's ranch 12 miles west of Fort Stockton in said county for pasturage. There they have remained until the filing of this suit on June 9, 1932, except that on April 23, 1932, about 60 head were seized under a writ of sequestration, issued at the instance of said corporation in foreclosure proceedings, and moved to another pasture.

The cattle were placed upon Lock's ranch under a parol pasturage contract between Reed and Lock.

Upon trial appellant recovered judgment against Reed for $1,270, and it was decreed that he take nothing against said corporation.

The decree does not grant foreclosure of the agister's lien against Reed, and by implication such relief was denied.

The decree in favor of said corporation was based upon an instructed verdict.

Lock appeals asserting that his agister's lien is entitled to priority over the mortgage of the corporation, and, in any event, he was entitled to foreclosure of his lien subject to the mortgage.

### Opinion.

It is settled that the mortgage lien is entitled to priority unless the mortgagee has waived such priority or is estopped to assert the same. American, etc., v. Nichols, 110 Tex. 4, 214 S. W. 301; Masterson v. Pelz (Tex. Civ. App.) 86 S. W. 56.

In so far as concerns the issue of priority, the peremptory charge was properly given, unless the evidence raises the issue of waiver or estoppel against the mortgagee.

The evidence raises no such issue.

The mortgage provides that the mortgagor might retain possession of the mortgaged property until and unless default occurs, but this stipulation has no bearing upon the question at issue. Such provision added nothing to the legal right of the mortgagor.

A mortgagor left in possession of property requiring care and sustenance is not the agent of the mortgagee for the purpose of imposing liability upon the part of the mortgagee to others who care for and provide sustenance for such property. Day Ranch Co. v. Hubert & Woodward (Tex. Civ. App.) 32 S.W.(2d) 252; Overland, etc., v. Findley (Tex. Civ. App.) 234 S. W. 106, 109.

In the last-cited case, Justice Levy said: "The mortgagor, though in possession, is not the mortgagee's agent; and the mortgagor does not, in the absence of some authorization by the mortgagee, sustain to the mortgagee any relation which authorizes him to contract any liability on his behalf or to contract a lien that shall have priority over his registered chattel mortgage."

Reed testified that a month or so after he placed the cattle on the Lock ranch he advised the agent of the corporation that he had done so, and it was agreeable to the agent; that he did not take up with the corporation's agent the matter of moving the cattle to the Lock ranch prior to removal.

The fact that such agent, when he was advised of the removal, acquiesced in such action does not raise the issue of estoppel or waiver. American, etc., v. Nichols, 110 Tex. 4, 214 S. W. 301; Commercial Credit Co. v. Brown (Tex. Com. App.) 284 S. W. 911; Blalack & Son v. San Antonio, etc. (Tex. Com. App.) 267 S. W. 474; Masterson v. Pelz (Tex. Civ. App.) 86 S. W. 56; Oak Cliff, etc., v. Travis (Tex. Civ. App.) 219 S. W. 286; Dallas County State Bank v. Crismon (Tex. Civ. App.) 231 S. W. 857; Day Ranch Co. v. Hubert & Woodward (Tex. Civ. App.) 32 S.W.(2d) 252; Overland, etc., v. Findley (Tex. Civ. App.) 234 S. W. 106; Holt v. Schwarz (Tex. Civ. App.) 225 S. W. 856.

There is no occasion to review these cases, for upon examination it will be found they fully sustain our ruling. Nor is it necessary to discuss the cases cited by appellant. Blalack & Son v. San Antonio, etc., supra, and Commercial Credit Company v. Brown, supra, expressly overrule a number of the cases relied upon by appellant. Other cases cited by appellant were decided upon different facts, and have no present application.

The court erred in denying appellant foreclosure of the agister's lien held by him. He was entitled to foreclosure subject to the mortgage. But upon oral argument it was stated by counsel for appellant that it is of no practical importance unless appellant prevails upon the issue of priority. Counsel stated that the error indicated was waived unless the issue of priority was found in appellant's favor. Such issue being decided against appellant, the judgment is therefore affirmed.