## CUMBERLAND et al. v. ARNST.

### No. 10320.

Court of Civil Appeals of Texas.
San Antonio.

June 29, 1938.

J. Marvin Ericson, of Corpus Christi, for plaintiffs in error.

E. H. Crenshaw, Jr., of Kingsville, for defendant in error.

MURRAY, Justice.

This suit was instituted by Gottlieb Arnst, Sr., in the Justice's Court, precinct No. 1, of Kleberg County, seeking to recover judgment in the sum of $185.55 against Santos Medrano for pasturage alleged to be due, and to foreclose a statutory lien upon certain livestock, among which were five Jersey cows. Mrs. W. K. Cumberland intervened in the suit, alleging that she was the holder of a superior lien evidenced by a chattel mortgage on said five head of Jersey cows.

The case was tried in the Justice's Court, then appealed to the County Court of Kleberg County and again tried before a jury, and upon a verdict of the jury judgment was rendered in favor of Gottlieb Arnst, Sr., for the amount sued for, together with foreclosure of his landlord's lien, and denying to Mrs. W. K. Cumberland any recovery, thus declaring the lien for the pasturage to be a superior lien to the chattel mortgage lien held by Mrs. Cumberland. From this judgment Mrs. Cumberland has sued out a writ of error.

The record shows that Santos Medrano purchased these five Jersey cows from Mrs. Cumberland and executed to her a note and mortgage which was filed for record in the office of the County Clerk of Kleberg County, on December 8, 1933. The cows were thereafter, on or about the middle of December, 1933, placed in the pasture of Arnst. It is therefore clear, from the record, that the chattel mortgage was duly executed and filed for record before the cattle were placed in Arnst's pasture. It follows, as a matter of law, the chattel mortgage lien held by Mrs. Cumberland was a prior lien to the statutory lien, Vernon's Ann.Civ.St. art. 5502, claimed by Arnst. The trial court erred in holding to the contrary. Blackford v. Ryan, Tex.Civ.App., 61 S.W. 161; Oak Cliff State Bank & Trust Co. v. Travis, Tex. Civ.App., 219 S.W. 286; American Type Founders' Co. v. Nichols, 110 Tex. 4, 214 S. W. 301; San Antonio Cattle Loan Ass'n v. Blalack & Son, Tex.Civ.App., 256 S.W. 974; Id., Tex.Com.App., 267 S.W. 474, 27 Tex. Jur. p. 165.

The judgment will be reversed, and as we do not have sufficient facts before us to here render judgment, the cause will be remanded for a new trial not inconsistent with this opinion.

Reversed and remanded.