

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

May 27, 1975

The Honorable John R. Bigham
Environmental Affairs Committee
House of Representatives
P. O. Box 2910
Austin, Texas   78711

Opinion No. H- 616

Re: Authority of the Board of
Control under article 665b,
V. T. C. S.

Dear Representative Bigham:

You have requested our opinion regarding the authority of the Board of
Control pursuant to article 665b, V. T. C. S., which provides:

> The State Board of Control shall establish and maintain
> in each public building under its control facilities for
> collecting separately from all other wastes all the
> wastepaper disposed of in that building.  The board
> shall sell the wastepaper for recycling purposes to
> the company which submits the highest bid for the paper.

Specifically, you ask whether the Board is required to sell this waste paper
only to bidders who will recycle it into new paper, and, in addition, you
inquire as to which state office buildings article 665b, V. T. C. S., is applicable.

The answer to your first question depends upon the interpretation of
the phrase "for recycling purposes." The term "recycle" is not defined in the
statute, and we have discovered no judicial decision which illuminates its
meaning.  It is settled, however, that the words of a statute are ordinarily to
be given their plain meaning.  Attorney General Opinion No. H-193 (1974).
The ordinary meaning of "recycle" is "to pass again through a cycle or changes
in treatment. "  Webster's New International Dictionary, 2d ed., at 2083.  A
glossary of "Common Environmental Terms" compiled by the United States
Environmental Protection Agency in 1973 defines "recycling" as "the process
by which waste materials are transformed into new products in such a manner
that the original products may lose their identity. "

We have found no relevant definition which would indicate that "recycling" of waste paper need be limited to its reconversion into new paper. Our conclusion is consistent with a letter dated July 25, 1974, to Mr. Homer Foerester, Executive Director of the State Board of Control, from Senator Ron Clower, co-author of article 665b. Senator Clower stated that:

> [l]egislative intent as expressed in the phrase 'recycling purposes' was not limited to selling the waste paper only to contractors who would reuse it in making other paper. Recycling implies the reuse of the resource, but not necessarily in the same manner as it was originally used.

It is therefore our opinion that the Board of Control is not required to restrict its sale of waste paper under article 665b, V. T. C. S., to bidders who will convert it to new paper, but may sell such waste paper to any bidder who will recycle it in some other manner.

As to your second question, article 665b, V. T. C. S., requires the Board of Control to collect waste paper for recycling purposes in "each public building under its control." (Emphasis supplied). Since statutes in pari materia are to be construed together, Hurt v. Oak Downs, Inc., 85 S. W. 2d 294 (Tex. Civ. App. - Dallas 1935), dismissed as moot, 97 S. W. 2d 673 (Tex. Sup. 1936), we may discern the extent of the Board's responsibility from article 665, V. T. C. S., which provides that the Board of Control "shall have charge and control of all public buildings, grounds and property of the State . . ."

The control of certain public buildings is specifically committed to other agencies. See, e.g., article 3174b, section 2, V. T. C. S., which transferred the control and management of the Texas State Hospitals and Special Schools from the Board of Control to the predecessor of the Texas Department of Mental Health and Mental Retardation. In these instances, the more specific statute must be deemed to prevail over the general language of article 665, V. T. C. S. GMC Superior Trucks, Inc. v. Irving Bank and Trust Co., 463 S. W. 2d 274, 276 (Tex. Civ. App. -- Waco 1971, no writ). In all other cases, however, we are obliged to follow the clear meaning of the statutory language, which declares that the Board shall have control of all public

buildings.   When the words of a statute are neither indefinite nor misleading, there is no need to look beyond the words of the statute to determine its meaning.  Sabine Pilots Ass'n v. Lykes Brothers Steamship, Inc., 346 S. W. 2d 166, 169 (Tex.  Civ.  App.  -- Austin  1961,  no writ).

Since we believe that article 665, V. T. C. S. unambiguously confers upon the Board of Control the control of all public buildings, it is our view that, except as limited by a more specific statute, article 665b, V. T. C. S., is applicable to all state office buildings.

## SUMMARY

The Board of Control is not required to restrict its sale of waste paper under article 665b, V. T. C. S., to bidders who will convert it to new paper, but may sell such waste paper to any bidder who will recycle it in any manner.  Article 665, V. T. C. S., is applicable to all public buildings except those whose control is committed by statute to an agency other than the Board of Control.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jwb