Roy PERKINS, Appellant,

v.

J. Robert MARTEL, Appellee.

No. 5057.

Court of Civil Appeals of Texas.

Beaumont.

March 31, 1955.

Frank M. Lamson, Pt. Arthur, for appellant.

Sexton & Neff, Orange, for appellee.

R. L. MURRAY, Chief Justice.

This is an appeal from a judgment in the County Court of Orange County.

Appellant Perkins had a note secured by lien on an automobile he sold one Butler. The lien was noted on the Certificate of Title issued to Butler by the Department of Public Safety, dated January 18, 1954. On March 12, 1954, Butler took the car, which had been in a wreck, to appellee Martel for repairs. Butler defaulted on his note, and Perkins sued him for debt and foreclosure of his lien. Martel had possession of the car and retained it under his claim that this mechanic's lien for repairs was superior to the lien for the purchase price. Martel was made a party to the suit, and in his answer he alleged that his mechanic's lien was superior because the chattel mortgage lien of appellant was not of record in Orange County. He also alleged that he had no notice of Appellant's lien, actual or constructive, until after he had completed the repairs on the car.

The trial was to the court without a jury. Judgment was for appellant against Butler for his debt, etc., but was in favor of Martel against appellant in that his mechanic's lien was held to be superior to the lien of appellant. Appellant has perfected his appeal. Appellee has filed no brief.

The trial court was in error in holding that the mechanic's lien was superior to the chattel mortgage lien noted on the Certificate of Title, and in refusing to foreclose appellant's lien. The chattel

mortgage statutes, Arts. 5490, 5497 and 5497a, Vernon's Ann.Civil Statutes of Texas, have been superseded, insofar as liens on automobiles are concerned, by Article 1436-1, Texas Penal Code, known as the Certificate of Title Act. Bank of Atlanta v. Fretz, 148 Tex. 551, 226 S.W.2d 843; Guinn v. Lokey, 151 Tex. 260, 249 S.W.2d 185. The notice of the appellant's lien on Butler's Certificate of Title was constructive notice to appellee of the lien.

Said Article 1436-1 of the Penal Code in part provides, as follows:

"Sec. 43. All liens on motor vehicles shall take priority according to the order of time the same are recorded on the receipt or certificate of title, of all such recordings to be made by the Department.

"Sec. 44. No lien on any motor vehicle to which a receipt or certificate of title has been issued shall be valid as against third parties without actual knowledge thereof, or enforceable against the motor vehicle of any such third parties, unless the notation of said lien shall have been caused to be made on receipts and certificates of title on said motor vehicle, as provided in this Act.

\*   \*   \*   \*   \*   \*

"Sec. 46. Only liens noted on a receipt or certificate of title shall be valid as against creditors of the mortgagor in so far as concerns the motor vehicle."

Appellant's lien stood in the same position as a recorded chattel mortgage, and as such it was superior to the statutory mechanic's lien of appellee. Commercial Credit Co., Inc., v. Brown, Tex.Com.App., 284 S.W. 911.

The trial court made a finding of fact that appellant was guilty of laches in not notifying appellee of his lien but this finding cannot support the judgment. Appellee had not pleaded laches or waiver. His only defense was as to notice and failure to record the chattel mortgage in Orange County.

Because of the error noted above, the judgment in favor of appellee is reversed and judgment is rendered that appellant's lien is superior to that of appellee; that appellant's lien be foreclosed upon the automobile described in appellant's Second Amended Original Petition.