Westlake Finance Company, a Corporation, Plaintiff-Appellant, v. Henry Spearmon, Scientific Brake Service and John Doe, Defendants-Appellees.

Gen. No. 50,114.

First District, Second Division.

November 2, 1965.

 

William S. Blatt, of Chicago (Elaine Strauschild Blatt, of counsel), for appellant.

Cohon and Raizes, of Chicago (George A. Cohon, of counsel), for appellee.

MR. JUSTICE BRYANT delivered the opinion of the court.

This appeal is taken from an order entered August 3, 1964, in the Circuit Court of Cook County. The parties to this appeal have entered into a stipulation of facts which we now set out in full.

"Westlake Finance Company, the Plaintiff-Appellant, is the holder in due course of a Retail Installment Sales Contract covering the purchase by Henry Spearmon of a 1958 Pontiac Bonneville two door hard-top. Title to the car was issued to Henry Spearmon and Dorothy Spearmon on September 28, 1962, the title showing a lien in favor of Westlake Finance Company.

"Because Mr. Spearmon failed to make the payments provided for in the Contract, Plaintiff-Appellant commenced this replevin action in the Municipal Court of Chicago in October of 1963. At the time of the commencement of this action, the car was in the possession of the Defendant-Appellee, Scientific Brake Service, it having been delivered there by Mr. Spearmon for repairs.

"Pursuant to the Writ of Replevin, the car was taken from the Defendant-Appellant [sic], Scientific Brake Service, by the Bailiff of the Municipal Court of Cook County. At the time the Bailiff took possession, there was due and owing to the Defendant-Appellee, Scientific Brake Service, the sum of $430.10, consisting of $265.10 for repairs to the car, plus $165.00 for storage of the car.

"Defendant Henry Spearmon defaulted in the replevin action. Defendant-Appellee Scientific Brake Service filed an answer and an affirmative defense, claiming a lien against the car in the sum of $430.10 for repairs to, and

343

storage of, the car. Defendant-Appellee's defense further recited the filing with the Recorder of Deeds of Cook County of a Notice of Lien on the car in question in the amount of $430.10, the filing being made immediately subsequent to the taking of the car by the Bailiff. Plaintiff-Appellant sold the car to a third party after receiving it from the Bailiff.

"On August 3, 1964, Judge Burton H. Palmer of the Municipal Court of Chicago, First Municipal District of the Circuit Court of Cook County, entered an order finding the Defendant-Appellee, Scientific Brake Service, entitled to possession of the car or, in the alternate, to the sum of $430.10 plus costs."

The basic claim of the appellant in this appeal is that under Illinois law the reservation of title in a conditional sales contract creates a lien superior to a subsequent artisan's lien. In support of this proposition, the appellant urges chapter 82, secs 40, 43, Ill Rev Stats, 1963. Sec 40 provides for the creation of an artisan's lien where a person, firm or corporation has expended labor, skill or materials on a chattel. Sec 43 provided:

> "The lien created by this Act shall be subject to the lien of any bona fide chattel mortgage upon the same chattel recorded prior to the commencement of any lien herein created, but said lien herein created shall be in addition to, and shall not exclude, any lien now existing at common law, and any lien existing by virtue of 'An Act concerning liens for labor, services, skill, or materials expended upon chattels,' enacted by the sixty-second general assembly."

One thing which must be taken note of immediately is that the appellant in this cause did not hold a chattel mortgage on the automobile in question. The appellant was a conditional vendor and was not protected by the express provisions of sec 43. Appellant's reliance on this section would, therefore, seem to be misplaced.

344

Decisions construing sec 40 of the Act, however, have held that the holder in due course of a conditional sales contract has a lien superior to that of a garage owner for repairing and storing the automobile. Such was the holding in the recent case of General Motors Acceptance Corp. v. Allen, 52 Ill App2d 114, 201 NE2d 747 (1964) and cases there cited. What appellant fails to note in its brief, however, is that these cases decided the law as it was prior to the passage of the Uniform Commercial Code which went into effect in this State July 1, 1962—before any of the acts giving rise to this dispute occurred. Sec 9–310 of the Code states:

> "When a person in the ordinary course of his business furnished services or materials with respect to goods subject to a security interest, a lien upon goods in the possession of such person given by statute or rule of law for such materials or services takes priority over a perfected security interest unless the lien is statutory and the statute expressly provides otherwise."

■■ This section clearly gives a superior lien to the defendant-appellee. Scientific Brake Service furnished materials and services in the ordinary course of its business, and the automobile was in its possession when this action was instituted. While the Code specifically gives the State Legislature the option to change the priority of liens set forth in this section, the Legislature of this State did not do so until earlier this year when it re-drafted chapter 82, sec 43, to read:

> "The lien created by this Act shall be subject to the lien of any bona fide security interest as defined in the Uniform Commercial Code upon the same chattel recorded prior to the commencement of any lien herein created, but the lien herein created shall be in addition to, and not exclude, any lien now existing at common law, and any lien existing by virtue of 'An

345

Act concerning liens for labor, services, skill or materials expended upon chattels.' "

That section went into effect July 1, 1965. It can have no application to the case at bar.

The appellant urges on appeal that it perfected its lien by having it recorded on the certificate of title as required by the Illinois Motor Vehicle Law. Chapter 95½, sec 3–202, Ill Rev Stats, 1963. This section, of course, deals with the perfecting of security interests, and is not controlling on the question of which liens are superior to others. The appellant has also cited many cases which were decided on the law prior to the Code. They are not applicable to the case at bar.

At the time the sale of the automobile was made and at the time this cause was tried, the Uniform Commercial Code controlled the matter and the Legislature had not yet acted to make any changes in the priorities set forth in sec 9–310 of the Code. The Court below correctly decided that the lien of Scientific Brake Service was superior to the lien of Westlake Finance Company. The judgment is affirmed.

Judgment affirmed.

BURKE, P. J. and LYONS, J., concur.