**GMC SUPERIOR TRUCKS, INC.,**
**Appellant,**

v.

**IRVING BANK & TRUST CO., Appellee.**

**No. 4941.**

Court of Civil Appeals of Texas,
Waco.

Jan. 14, 1971.

Dow, Cogburn & Friedman, Perry J. Radoff, Houston, Carrington, Coleman, Sloman, Johnson & Blumenthal, Robert H. Mow, Jr., Dallas, for appellant.

Tabor & Fowler, Craig M. Fowler, Irving, for appellee.

OPINION

McDONALD, Chief Justice.

This is an appeal from summary judgment for plaintiff Irving Bank foreclosing plaintiff's Security Interest Lien on a 1966 Dodge diesel truck. The judgment held

plaintiff Irving's Security Interest Lien superior to defendant GMC Superior Trucks' lien for repairs to the vehicle.

The facts are undisputed, and the sole issue is the priority of the liens of Irving and Superior.

In 1968 George Schipp executed a note to Irving Bank, and to secure such note executed a security agreement granting Irving a security interest in a 1966 Dodge diesel truck. On June 7, 1968 Irving's lien was duly recorded on the certificate of title to the vehicle.

In June 1969 Schipp took the truck to Superior for repairs. Superior furnished parts and performed repair work on the truck in the amount of $3709.43, but was not paid for same. Superior kept possession of the truck.

Schipp then failed to make payments on his note to Irving, and in November 1969 Irving sued Schipp for $21,952, due on such note, attorney's fees, and foreclosure of its lien on the truck; and sued Superior for foreclosure of its lien and possession of the truck.

Superior filed cross action against Schipp for its repair bill, and cross action against Irving asserting its lien for repairs was superior to Irving's security lien.

Both plaintiff Irving and defendant Superior filed motions for summary judgment.

The trial court granted Irving's motion, and rendered judgment for Irving against Schipp for the amount owed it, and against Schipp and Superior for foreclosure of Irving's security lien on the truck.

Superior appeals contending the trial court erred:

1) In denying priority to Superior for its lien under Article 16, Section 37 of the Texas Constitution, Vernon's Ann.St., for the value of labor done on the truck and material furnished thereon, because the lien was not expressly subordinated as required by Section 9.310 of the Texas Business and Commerce Act.

2) In denying priority to Superior for its lien under Article 5502 et seq., Texas Civil Statutes, because such statutes do not expressly provide that the lien of Superior is subordinated to any other liens, as required by Section 9.310 of the Texas Business and Commerce Code.

Superior concedes that prior to passage of the Business and Commerce Code Irving would have had a superior lien, but asserts that the Business and Commerce Code gives Superior's lien priority.

Irving asserts that the lien priorities for vehicles, established by the Texas Certificate of Title Act, P.C. 1436–1 VATS, Sections 24 and 43, control over the general provisions of Section 9.310 of the Business and Commerce Code, and that its lien is superior, as held by the trial court.

The Business and Commerce Code (Uniform Commercial Code) provides: "Section 9.310. *Priority of Certain Liens Arising by Operation of Law.* When a person in the ordinary course of his business furnishes services or materials with respect to goods subject to a security interest, a lien upon goods in the possession of such person given by statute or rule of law for such materials or services takes priority over a perfected security interest *unless the lien is statutory and the statute expressly provides otherwise.*" (emphasis added)

Article 16, Section 37 Texas Constitution provides: *"Liens of mechanics, artisans and material men.* Mechanics, artisans and material men, of every class, shall have a lien upon the buildings and articles made or repaired by them for the value of their labor done thereon, or material furnished therefor; and the Legislature shall provide by law for the speedy and efficient enforcement of said liens." (It has been firmly established that this provision is self executing, and that the lien exists independent and apart from any legislative act. Strang v. Pray, 89 Tex. 525, 35 S.W. 1054. All the Legislature is given power to do is to provide for the speedy and efficient enforcement of the lien.)

This the Legislature did in Article 5503: *"Mechanics may retain property.* Whenever any * * * vehicle shall be repaired with labor and material * * * by any mechanic * * * such mechanic * * * is authorized to retain possession of said * * * vehicle * * * until the amount due on same for repairing * * * shall be fully paid * * *."

Article 5506 provides: *"Other liens not affected.* Nothing in this title shall be construed or considered as in any manner impairing or affecting the right of parties to create liens by special contract or agreement, nor shall it in any manner affect or impair other liens arising at common law or in equity, or by statute of this State, or any other lien not treated of under this title."

Article 1436–1 VAPC (The Certificate of Title Act) provides:

"Sec. 24: The term 'Certificate of Title' means a written instrument which may be issued solely by and under the authority of the department, and which must give the following data * * *.

"(g) The names and addresses and dates of any liens on the motor vehicle, in chronological order of recordation."

Section 43 declares: *"Priority of liens.* All liens on motor vehicles shall take priority according to the order of time same are recorded on the receipt or certificate of title of all such recordings to be made by the Department".

Section 9.302 of the Business and Commerce Code provides that filing is required to perfect security interests except:

"(c) The filing provisions of this Chapter do not apply to a security in property subject to a statute:

"(2) of this state which provides for central filing of or which requires indication on a certificate of title or, such security interests in such property, unless such property is inventory".

■ The Business and Commerce Code and the Certificate of Title Act both deal in part with the same subject matter, and are in pari materia, and must be considered together. Associates Discount Corp. v. Rattan Chevrolet [Banner Chevrolet], S. Ct., Tex., 462 S.W.2d 546. See also 33 Tex.Bar Journal 11, p. 968 (December 22, 1970).

■ And in case of conflict between a general statutory provision and a special provision dealing with the same subject, the general provision is controlled or limited by the special provision, whether they are contained in the same act, or in different enactments. San Antonio & A. P. Ry. Co. v. State, Tex.Com.App., Opinion Adopted, 128 Tex. 33, 95 S.W.2d 680, 687; Trinity Universal Ins. Co. v. McLaughlin, Tex.Civ.App., (NWH), 373 S.W.2d 66, 69.

The precise question here involved arose in Ohio, which has a Certificate of Title Act for motor vehicles, and thereafter passed the Uniform Commercial Code. The Supreme Court of Ohio in Commonwealth Loan Co. v. Berry, 2 Ohio St.2d 169, 207 N.E.2d 545, held:

"There is an apparent conflict as to the priority of liens under the subject statutes. However, the General Assembly by expressly * * * excepting motor vehicles from the required filing to protect a security interest[1] in Section 1309.-21c[2] * * *, the specific statute which deals in motor vehicle liens and which states that a lien noted upon the certificate shall be valid against other liens, has made it clear that the enactment of the Uniform Commercial Code was not intended to alter the well established law in Ohio as to priority of liens upon motor vehicles.

"A special statutory provision which relates to a specific subject matter is con-

1. Section 9.302 Texas Business & Commerce Code, supra.

2. Section 9.310 Texas Business & Commerce Code, supra.

trolling over a general statutory provision which might otherwise be applicable. Andrianos v. Community Traction Co., 155 Ohio St. 47, 97 N.E.2d 549."

To the same effect is Snyder v. Ryan, 2 Ohio St.2d 171, 207 N.E.2d 547.

█ Considering the constitution and statutes cited, together, and giving the special provisions of P.C. Article 1436–1, Sections 24 and 43 precedence over the general provision of Section 9.310 Business and Commerce Code, we think the prior security lien of Irving is superior to the later artisan's lien of Superior.

Defendant's points are overruled.

Affirmed.