**GULF COAST STATE BANK, Petitioner,**

v.

**Elmo NELMS et al., Respondents.**

**No. B–5037.**

Supreme Court of Texas.

July 16, 1975.

McCall & McCall, Leroy McCall, Hamshire, Shannon, Gracey, Ratcliff & Miller, Charles N. Curry, Fort Worth, for petitioner.

Dearman, Myers & Brown, W. Dan Myers, Claude B. Masters, Houston, for respondents.

GREENHILL, Chief Justice.

The bank has a perfected security interest in an automobile, and a mechanic later performs substantial repairs on the car. Neither the bank nor the mechanic has been paid. The sole question presented is whether an artisan, claiming a lien on an automobile in his possession under Articles 5503 and 5506,[1] is entitled to priority over a prior secured party who has perfected his security interest on the vehicle's certificate of title. We hold that under the Texas Business and Commerce Code the mechanic's lien is entitled to priority.

1. Statutory references herein are to Vernon's Texas Civil Statutes and Codes Annotated unless otherwise indicated.

On April 29, 1971, Elmo Nelms purchased a 1971 Chevrolet from the Beaumont Motor Company. As part of the purchase price, Nelms signed an installment contract and security agreement, which was assigned to our petitioner, Gulf Coast State Bank. It had the security interest properly noted on the car's certificate of title. The car was later damaged and Nelms took it to a body shop owned by M. R. Buchanan who agreed to make repairs for $1,160.63. Nelms failed to pay the debt for the repairs or to reclaim his car when the repairs were completed. The car payments were in arrears; so Gulf Coast State Bank sought possession of the car from Buchanan. Upon Buchanan's refusal to release the car, Gulf Coast State Bank brought suit against Nelms and Buchanan for judgment on the installment contract and foreclosure of the security interest. Buchanan asserted a cross-action against Nelms and the bank seeking to recover the value of the repairs and storage charges. Both parties sought a declaration that their respective liens were superior. Nelms has evidenced no interest in the matter.

After a trial before the court, judgment was entered for both the bank and Buchanan against Nelms for the respective amounts owed. The judgment also declared the bank's lien to be superior to Buchanan's and ordered the car sold and the proceeds of the sale applied to the amounts due the bank and Buchanan, in the order of their determined priority. The Court of Civil Appeals reversed. It held that Buchanan's lien was superior to the security interest of Gulf Coast State Bank and that the trial court erred in determining that the bank's lien was entitled to priority. 516 S.W.2d 421. We affirm the judgment of the Court of Civil Appeals.

Prior to the adoption of the Certificate of Title Act in 1939, the holder of a recorded chattel mortgage was entitled to priority over a mechanic's lien. *Commercial Credit Co. v. Brown*, 284 S.W. 911 (Tex.Com.App.

1926). The Certificate of Title Act[2], Acts 1939, 46th Leg., p. 602, ch. 4, provided in part:

> Sec. 43. All liens on motor vehicles shall take priority according to the order of time the same are recorded on the receipt or certificate of title of all such recordings to be made by the Department.

> \*    \*    \*    \*    \*    \*

> Sec. 46. Only liens noted on a receipt or certificate of title shall be valid as against creditors of the mortgagor in so far as concerns the motor vehicle.

After passage of this Act, a lien noted on the certificate of title was held to be superior to a mechanic's lien by virtue of the above Sections. *Motor Truck Sales Co. v. Hauck*, 388 S.W.2d 214 (Tex.Civ.App.1965, writ ref'd n. r. e.); *Perkins v. Martel*, 277 S.W.2d 741 (Tex.Civ.App.1955, no writ). However, these sections were repealed by Acts 1971, 62nd Leg., p. 896, ch. 123, effective May 10, 1971.

With its effective date in 1966, the Texas Business and Commerce Code preserved the certificate of title system for *perfecting* security interests in motor vehicles except for vehicles held as inventory. Tex.Bus. & Comm. Code § 9.302(c) & (d), V.T.C.A.; Ruud, *Amendment of the Texas Certificate of Title Act to conform it to the Uniform Commercial Code*, 33 Tex.B.J. 968 (1970). The subject of *priority* of mechanic's and artisan's liens is specifically covered by the Texas Business and Commerce Code in § 9.310, which provides:

> When a person in the ordinary course of his business furnishes services or materials with respect to goods subject to a security interest, a lien upon goods in the possession of such person given by statute or rule of law for such materials or services takes priority over a perfected security interest unless the lien is statutory and the statute expressly provides otherwise.

Rev.Civ.Stat. art. 6687–1 (Pamphlet Supp. 1975).

---

2. This Act was formerly Tex. Penal Code art. 1436–1, and may now be found as Tex.

■ The intent of § 9.310 is to give a lien arising from work enhancing or preserving the value of property priority over a prior perfected security interest, except in jurisdictions where the mechanic's lien statutes *expressly* declare the lien to be subordinate. Tex.Bus. & Comm. Code Ann. § 9.310, comments 1 & 2; *Manufacturers Acceptance Corporation v. Gibson*, 220 Tenn. 654, 422 S.W.2d 435 (1967); e. g., 2 G. Gilmore, *Security Interests in Personal Property* § 33.5 (1965).

■ This section establishes priority for the artisan ". . . unless the lien is statutory and the statute expressly provides otherwise." From this alone it would seem that one need go only to the lien statute and determine if it provides that the artisan shall not have priority. The comments to § 9.310 support this view. Comment 2 provides that ". . . [s]ome of the *statutes creating such liens* expressly make the lien subordinate . . . ." However, where a state has adopted a certificate of title act, some courts have decided it to be necessary to go beyond the lien statutes. They have brought in the title laws. *G. M. C. Superior Trucks, Inc. v. Irving Bank and Trust*, 463 S.W.2d 274 (Tex.Civ.App.1971, no writ); *Commonwealth Loan Co. v. Berry*, 2 Ohio St.2d 169, 31 Ohio Op.2d 321, 207 N.E.2d 545 (1965). The Court of Civil Appeals, in the case at bar, has based its decision, in part, on the repeal of Sections 43–46 of the Certificate of Title Act, holding that the Act no longer provides that the perfected security interest be given priority. The practice of referring to a certificate of title act to determine priorities has drawn criticism. Murphey, *Cars, Creditors, and The Code: The Diverse Interpretations of Section 9–310*, 1970 Wash.U.L.Q. 135, 139; Note, *Security Interests in Motor Vehicles under the UCC: A New Chassis for Certificate of Title Legislation*, 70 Yale L.J.

995, 1013 (1961). The Editor's Note at 2 UCC Reporter 750 criticized the *Commonwealth Loan Co. v. Berry, supra*, decision for referring to the Certificate of Title Act by stating:

The effect of the court's decision is to write an additional exception into § 9.310 . . . "or unless some other statute expressly provides otherwise." It does this by holding that since [the Certificate of Title Act] makes a security agreement conveying a security interest in an automobile valid against other lienholders if proper notation has been made on the certificate of title, it prevails over the contrary but more general language of § 9.310.

We agree with this rationale, and we hold that § 9.310 requires that we refer to Articles 5503 and 5506 which are the statutes *creating* the mechanic's and artisan's lien, to determine whether they "expressly provide otherwise."[3] See generally Ruud, *The Texas Legislative History of the Uniform Commercial Code*, 44 Texas L.Rev. 597, 621 (1966); Note, *The Automobile Mechanic and The UCC*, 21 Baylor L.Rev. 512 (1969).

Article 5506 provides:

Nothing in this title shall be construed or considered as in any manner impairing or affecting the right of parties to create liens by special contract or agreement, nor shall it in any manner affect or impair other liens arising at common law or in equity, or by any statute of this State, or any other lien not treated of under this title.

There is no question as to the power of the Legislature to give a statutory lien priority over an existing lien where its object is to secure a charge necessary for the preservation of property. *Texas Bank & Trust v. Smith*, 108 Tex. 265, 192 S.W. 533 (1917).

---

3. Although the clause "unless *the* lien is statutory" could be read to permit only Article 5503 to expressly subordinate the mechanic's lien, we do not think the UCC should be interpreted so narrowly and we interpret "statute" to include Article 5506.

Note, *Nonconsensual Liens Under Article 9*, 76 Yale L.J. 1649, 1663 (1967). See *Gables Lincoln-Mercury, Inc. v. First Bank & Trust Co.*, 219 So.2d 90 (Fla.1969); *Westlake Finance Co. v. Spearmon*, 64 Ill.App.2d 342, 213 N.E.2d 80 (1965).

Although Article 5506 has been interpreted as preserving "the general rule of sanctity of contract" that subsequently acquired liens are inferior to prior existing liens (*Commercial Credit Co. v. Brown, supra*), to hold that the phrase, "nor shall it in any manner affect or impair other liens," expressly provides that artisan's and mechanic's liens are inferior, would defeat the clear intent of § 9.310. The comments to this section provide, in part:

> If the statute creating the lien is silent, even though it has been construed by decision to make the lien subordinate to the security interest, this Section provides a rule of interpretation that the lien should take priority over the security interest. Tex.Bus. & Comm. Code Ann. § 9.310, comment 2.

In *First National Bank at Dallas v. Whirlpool Corporation*, 517 S.W.2d 262 (Tex. 1975), this Court was met with the contention that the portion of Article 5459, "provided, any lien . . . on the land or improvement at the time of the inception of the lien . . . shall not be affected thereby," gave a prior recorded deed of trust priority over a mechanic's and materialman's lien. In disagreeing with this contention, we wrote:

> Petitioners' argument is that Whirlpool's preference lien would adversely "affect" the bank's prior lien. We cannot agree with petitioners' contention.
>
> \* \* \* \* \* \*
>
> The effect of the bank's interpretation . . . would attribute to the legislature an intent to nullify the preference which it had just given in clear and unambiguous terms to mechanic's and materialman's liens.

The rationale of *Whirlpool* is equally applicable to the case at bar, and we hold that Articles 5503 & 5506 do not "expressly provide" that an artisan's or mechanic's lien is subordinate to a prior perfected security interest. Therefore, by the express terms of § 9.310, Buchanan's possessory mechanic's lien is entitled to priority over Gulf Coast State Bank's security interest.[4]

The Court of Civil Appeals correctly reversed the judgment of the trial court and remanded the cause to that court. The judgment of the Court of Civil Appeals is affirmed.

Dissenting opinion by SAM D. JOHNSON, J.

SAM D. JOHNSON, Justice (dissenting).

This dissent is respectfully submitted.

The sole question presented is whether an artisan, claiming a lien on an automobile in his possession under Texas Revised Civil Statutes, Articles 5503 and 5506, is entitled to priority over a prior secured party who has perfected his security interest on the vehicle's certificate of title. This writer would answer such question in the negative.

---

4. See *Hubbell v. Texas Southern Ry. Co. et al.*, 59 Tex.Civ.App. 185, 126 S.W. 313 (1910, writ ref'd) where railroad laborer's liens under Article 5480 [then Tex.Rev.Civ. Stat. art. 3312 (1895)] were given preference over a prior recorded vendor's lien without mention of Article 5506 [then Tex.Rev.Civ. Stat. art. 3326 (1895)].