**GREATER HOUSTON BANK, Appellant,**

v.

**MILLER & FREEMAN FORD,
INC., Appellee.**

No. 1058.

Court of Civil Appeals of Texas,
Corpus Christi.

June 30, 1976.

Rehearing Denied Aug. 30, 1976.

William E. Heitkamp, Houston, for appellant.

Bill De La Garza, Barlow, Lacy & Smith, Gregory Gregg, Asst. County Atty., Houston, for appellee.

## OPINION

YOUNG, Justice.

This is an appeal from a summary judgment granted in favor of Miller & Freeman Ford, Inc.

Greater Houston Bank instituted this action initially to recover upon a note given for the purchase of a 1971 Ford pickup truck. The truck was sold at auction under court order and the proceeds, $1,100.00, were deposited in the registry of the court. Greater Houston Bank and Miller & Freeman Ford, Inc., each asserted a claim to the proceeds and each filed a motion for summary judgment.

The admissible summary judgment evidence of the Bank is that Julieta P. Gomez purchased the vehicle and executed a note in the amount of $1,855.20 payable to the Bank to secure the loan of the purchase money. The Bank perfected its security interest in the vehicle by recording its interest on the face of the certificate of title. The allegations of the appellee Ford dealer are that Gomez, husband of Julieta P. Gomez, delivered the vehicle to Miller & Freeman Ford, Inc. and authorized repairs in the amount of $1,455.21. The charges for the repairs were not paid and the vehicle was not claimed. Under Tex.Rev.Civ.Stat. Ann. art. 6687-9, the Bank was notified that the vehicle would be sold at auction.

The Bank then sought to restrain the sale and recover the amount owing on the note plus interest and attorney's fees. In its original petition the Bank alleged that the note was in default in the amount of $991.20 and asserted its interest in the vehicle by virtue of the perfected security interest. The Ford dealer answered by filing a general denial. The court ordered the vehicle sold and directed the parties to plead their claims to the proceeds. Julieta P. Gomez failed to appear or answer and a default judgment was entered against her in favor of the Bank.

The Bank thereafter filed a motion for summary judgment supported by an affidavit executed by Vidal H. Ramirez, vice-president of Greater Houston Bank; a copy of the note; a copy of the security agreement; and a copy of the certificate of title. The Bank's motion for summary judgment disputed the validity of the lien claimed by the Ford dealer alleging that the repairs were not authorized by the owner. The Ford dealer filed a sworn reply entitled "Defendant's Answer to Plaintiff's Motion for Summary Judgment and Defendant's Motion for Summary Judgment" and an affidavit in support of its motion executed by Charles W. Miller, president of that corporation. The allegations of the sworn reply were that the repairs were made under the authorization of Manuel Gomez, who was the husband of Julieta P. Gomez, and that the vehicle was community property. The pertinent part of the accompanying affidavit was as follows:

"I am over twenty-one (21) years of age, and of sound mind, have never been convicted of any crime or offense, and have personal knowledge of every statement herein made and am fully competent to testify to the matters stated therein; my name is CHARLES W. MILLER, President of MILLER & FREEMAN FORD, INC., and, therefore, a duly authorized agent of Defendant in the above styled cause of action.

"On or about March 18, 1974, MANUEL GOMEZ, husband of JULIETA P.

GOMEZ, authorized all work to be performed on the 1971 Ford pickup, vehicle I.D. No. F10GKL25368, 1973 License No. FW 548. The customer asked for and authorized all repairs to said vehicle, amounting to Fourteen Hundred Fifty-Five and 21/100 Dollars ($1,455.21), but yet failed to return to pay for the repairs or pick up said vehicle. Mr. GOMEZ, subsequent to the making of all repairs, has not been available in order for us to discuss the matter with him, and his place of business at 220 Highway 3, Webster, Texas, is no longer open for business, and his telephones are no longer in service.

"At no time was there any problem with regard to lack of authorization for repairs to said vehicle. As a matter of fact, numerous phone calls were made to Mr. GOMEZ's place of business in Webster, Texas, and he, at all times, displayed his desire to have any and all necessary work performed on said vehicle and requested that same be performed."

The appellant responded with a written objection filed with the court that the affiant, Charles W. Miller, was without personal knowledge of the marital status of Julieta P. Gomez and was incompetent to make the affidavit.

■ If each party had established in the trial court by competent summary judgment evidence the lien upon which each claim is based, our duty would be to affirm the judgment of the trial court. The question of lien priority as presented by the present case is controlled by the recent case of *Gulf Coast State Bank v. Nelms*, 525 S.W.2d 866 (Tex.Sup.1975). In *Nelms*, the Texas Supreme Court promulgated the rule that an artisan, claiming a lien on an automobile in his possession under Tex.Rev.Civ. Stat.Ann. arts. 5503 and 5506, is entitled to priority over a prior secured party who has perfected his security interest on the automobile's certificate of title. Before we can reach the question of lien priority we must however, first determine whether the summary judgment evidence established as a matter of law the existence of a mechanic's lien as claimed by the Ford dealer.

■ The only evidence which the court could have considered in granting the summary judgment that it did, is the affidavit of Charles W. Miller. We are of the opinion that it was error for the court to consider this as summary judgment evidence in view of the Bank's written objection challenging the sufficiency of the affidavit.

■ The objection filed by the appellant prior to the hearing on the summary judgment should have been sustained. An affidavit filed in support of a motion for summary judgment that merely states that the affiant has personal knowledge of every statement contained therein does not comply with the formal requirements of Rule 166–A(e), T.R.C.P. The affidavit must show how the affiant learned of or knew of the facts contained therein. The bare statement that the affiant is competent to testify to the matters stated is nothing more than a conclusion. *Murfee v. Oquin*, 423 S.W.2d 172, 174 (Tex.Civ.App.—Amarillo 1967, writ ref'd n.r.e.). The appellant's objection to the formality of the affidavit has preserved the error for appeal. *Woods Exploration and Producing Company v. Arkla Equipment Company*, 528 S.W.2d 568 (Tex.Sup.1975).

■ Because this is an appeal from an order granting one motion and overruling another, we are authorized to correct the error, if any, of the overruling of the appellant's motion for summary judgment. *Edwards v. State*, 406 S.W.2d 537, 541 (Tex. Civ.App.—Corpus Christi 1966, writ ref'd.) When we discard the only summary judgment evidence of the Ford dealer, Miller's faulty affidavit, the remaining admissible evidence is that which establishes the lien of the Bank. Upon this state of the record the trial court should have granted the summary judgment motion of Greater Houston Bank. We, therefore, reverse that portion of the judgment which granted summary judgment for Miller & Freeman Ford, Inc. and here render judgment in favor of Greater Houston Bank for the proceeds on deposit in the registry of the trial court. That part of the judgment for

the Bank against Julieta P. Gomez is not disturbed.

The judgment of the trial court is REVERSED AND RENDERED.