MILLER AND FREEMAN FORD,
INC., Petitioner,

v.

GREATER HOUSTON BANK,
Respondent.

No. B–6301.

Supreme Court of Texas.

Dec. 15, 1976.

Barlow, Lacy, Smith & Gay, Bill De La Garza, Houston, for petitioner.

Law Offices of T. D. Smith, William E. Heitkamp, Houston, for respondent.

PER CURIAM.

Respondent Greater Houston Bank instituted this action against Julieta Gomez[1] to recover $991.20 due and unpaid upon a note given the Bank by Julieta for purchase of a Ford pickup. At the time the action was commenced the pickup was in the possession of petitioner Miller & Freeman Ford, Inc., being subject to a $1455.21 repair bill. Miller & Freeman was joined as a party defendant. The trial judge, recognizing that both the Bank and Miller & Freeman

1. Julieta Gomez failed to answer or otherwise defend, and the district court entered summary judgment in the Bank's favor against her. We are not concerned with this aspect of the case in this appeal.

had assertable liens on the vehicle, ordered it seized by the sheriff and sold at auction. The $1,100 proceeds was deposited with the court to abide the event of judgment.

The Bank filed its motion for summary judgment, supported by affidavits setting forth the loan, default and a purchase money security interest perfected[2] prior to the time that Miller & Freeman performed repairs on the automobile. In opposition to the Bank's motion, and in support of its own motion for summary judgment, Miller & Freeman filed the affidavit of its president, wherein he averred on "personal knowledge" that repairs were made under the authorization of Manuel Gomez, the husband of Julieta, who had Julieta's authority to contract for repairs.

The trial judge was of the opinion that Miller & Freeman had established a mechanic's possessory lien[3] which was superior to the security interest of the Bank, and entered judgment for Miller & Freeman. The court of civil appeals reversed. Acknowledging that under *Gulf Coast State Bank v. Nelms*, 525 S.W.2d 866 (Tex.1975), a mechanic's possessory lien is entitled to priority over a purchase money security interest, the court nevertheless concluded that the president's affidavit was not competent summary judgment proof of any such lien. The court also determined that the Bank's motion for summary judgment should have been granted by the trial court, the only remaining summary judgment evidence showing the purchase money security interest, and rendered judgment that the Bank recover the proceeds from the sheriff's sale. Tex.Civ.App., 540 S.W.2d 390.

■ We agree with the court of civil appeals that the president's affidavit was incompetent, and could not support summary judgment in Miller & Freeman's favor. An affidavit must "set forth such facts as would be admissible in evidence". Tex.R.

Civ.P. 166–A(e). The averment that Manuel Gomez had Julieta's authority to contract for repairs was a legal conclusion, and the affidavit fails to show how the president knew that Manuel was Julieta's husband. See *Box v. Bates*, 162 Tex. 184, 346 S.W.2d 317 (1961).

■ However, rendition of judgment for the Bank conflicts with this Court's decision in *Tigner v. First Nat'l Bank of Angleton*, 153 Tex. 69, 264 S.W.2d 85 (1954). *Tigner*, like the instant case, involved a dispute between a party asserting a contractual lien and a party asserting a statutory lien. Both parties moved for summary judgment. The trial court granted the motion of the party claiming the statutory lien, finding the lien established by proof and entitled to priority. The court of civil appeals reversed for failure to establish the statutory lien, and rendered, finding that only the contractual lien was established by summary judgment proof. This Court reversed both the courts below, stating:

> When both parties move for a summary judgment, the burden is upon each to prove clearly his right thereto, and neither party can prevail because of the failure of the other to discharge his burden.

*Id.* at 74, 264 S.W.2d at 87. While the statutory lien was not established as a matter of law, its existence *vel non* was held to constitute an issue of fact precluding entry of summary judgment. In the instant case, while the president's affidavit was insufficient to support the trial court's judgment, it was sufficient to show that there existed a material issue of fact as to the Bank's right of recovery by virtue of a purchase money security interest. The court of civil appeals' rendition of judgment for the Bank constituted error.

Pursuant to Texas Rule of Civil Procedure 483, we grant writ of error and, with-

---

**2.** The record shows an appropriate notation upon the vehicle certificate of title. See Tex. Rev.Civ.Stat.Ann. art. 6687–1, § 41 (Pamph. Supp.1975–76); Tex.Bus. & Comm.Code Ann. § 9.302(c)(2) (Supp.1976–77).

**3.** See Tex.Rev.Civ.Stat.Ann. art. 5503 (Supp. 1976–77).

out hearing oral argument, reverse the judgment of the court of civil appeals. The cause is remanded to the trial court for further consideration consistent with this opinion. The parties are to share equally the costs in this Court.