

# The Attorney General of Texas

March 22, 1982

**MARK WHITE**
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

1607 Main St., Suite 1400
Dallas, TX. 75201-4709
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

1220 Dallas Ave., Suite 202
Houston, TX. 77002-6986
713/650-0666

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Mr. Charles D. Travis
Executive Director
Texas Parks and Wildlife Department
4200 Smith School Road
Austin, Texas   78744

Opinion No. MW-458

Re:      Application      for
certificate  of  title  under
section 31.047 of the Parks
and Wildlife Code

Dear Mr. Travis:

You have asked us to determine what evidence should be required by the Texas Parks and Wildlife Department to establish whether an applicant for a motorboat certificate of title is entitled to such certificate, where said applicant is a possessary lienholder who has foreclosed upon the motorboat pursuant to article 5504, V.T.C.S., because of unpaid storage or repair charges. In particular, you wish to know whether you may require the applicant to show that he has notified those lienholders noted on the certificate of title of his intent to foreclose.

Article XVI, section 37 of the Texas Constitution provides that mechanics, artisans and materialmen shall have a lien upon articles repaired by them for the value of labor or materials furnished therefore. The constitution also states that "the Legislature shall provide by law for the speedy and efficient enforcement of said liens." The constitutional provision is self-executing, and the lien created between the owner and laborers and materialmen who contract directly with him does not depend on statutory provisions. Hayek v. Western Steel Company, 478 S.W.2d 786 (Tex. 1972).

Article 5503, V.T.C.S., gives a possessary lien to persons who have repaired any article until the cost of repairs have been paid in full. Article 5504, V.T.C.S., provides that upon the elapse of sixty days without payment of the charges, the possessary lienholder shall notify the owner to pay the charges. If payment is not made, the property may be sold at public sale. There is no express provision for notice to other lienholders. Compare V.T.C.S. art. 5504a (written notice of charges on motor vehicle subject to article 6687-1, V.T.C.S., must be made to lienholders of liens recorded on certificate of title). Article 5506, V.T.C.S., provides that "[n]othing in this title shall... in any manner affect or impair other liens arising at common law or in equity, or by any statute of this State...." However, an artisan's lien created pursuant to article 5503, V.T.C.S.,

takes priority over a perfected security interest.  Tex. Bus. & Comm. Code §9.310; Gulf Coast State Bank v. Nelms, 525 S.W.2d 866 (Tex. 1975).

Chapter 31, subchapter B-1 of the Texas Parks and Wildlife Code establishes the statutory scheme governing the issuance of certificates of title to motorboats sold and possessed in Texas. Section 31.045 of the code establishes the Texas Parks and Wildlife Department as the issuing agency for such certificates of title. Section 31.046 designates the individuals who must apply to the department for such a certificate.  Section 31.047 controls the form and content of an application.

Section 31.047(c) requires that the application be accompanied by "evidence reasonably required by the department to establish that the applicant... is entitled to a certificate of title."  Such evidence may include:

(1)   a certificate of title issued by another state or jurisdiction;

(2)   a manufacturer's or importer's certificate;

(3)   a bill of sale, assignment, or contract;

(4)   a promissory note;

(5)   a security agreement;

(6)   an invoice;

(7)   a bill of lading;

(8)   an affidavit;

(9)   a probate or heirship proceeding or information;

(10)  a judgment of a court of competent jurisdiction; or

(11)  other documents.

See also Parks and Wildlife Code §31.047(b)(6) (application form must contain other information showing ownership of motorboat or security interest therein).

Thus, pursuant to section 31.047(c), the department may require evidence to establish ownership of the motorboat and to establish that the applicant is entitled to a title certificate.  The department may require evidence that the rights of other lienholders are protected.

See Attorney General Opinion O-3867 (1941); see generally Attorney General Opinion H-905 (1976).

Moreover, where an applicant seeks transfer of title, section 31.049(e) of the Parks and Wildlife Code provides that "[t]itle may be transferred only by surrender of the original certificate of title properly endorsed to show the transfer." In such cases, the title must be surrendered as required before a new title may be issued.

The requirement imposed by section 31.049(e) of the code imposes a hardship on the purchaser of the boat where the owner of the boat cannot be located. In other statutes, the legislature has made express provision for issuance of a new certificate of title when ownership of registered property is involuntarily transferred. V.T.C.S. art. 6687-1, §35 (motor vehicles). Sections 31.021 through 31.042 of the Parks and Wildlife Code provide that the department give all undocumented motorboats a "certificate of number," including those boats which have a certificate of title. A person who acquires ownership of a vessel by an involuntary divestiture of ownership formerly could apply for a certificate of number pursuant to section 31.036 of the Parks and Wildlife Code. See Acts 1971, 62d Leg., ch. 971, §5, at 2931. However, no comparable provision exists for the issuance of a new certificate of title to someone who purchases a boat under article 5504, V.T.C.S. Of course, in a particular case, the courts might order the department to replace a missing certificate. See Parks and Wildlife Code §31.051.

### S U M M A R Y

The department must adhere to section 31.047, V.T.C.S., in requiring information establishing the right of an applicant for a motorboat certificate of title to said certificate. Where the applicant is a possessory lienholder who has foreclosed on the boat pursuant to article 5504, V.T.C.S., such application must be accompanied by evidence establishing ownership of the boat and the applicant's right to certificate. Where the applicant seeks transfer of title, the original title properly endorsed to show the transfer must be surrendered.

Very truly yours,

M A R K   W H I T E
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

RICHARD E. GRAY III
Executive Assistant Attorney General

Prepared by Susan L. Garrison
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Susan L. Garrison, Chairman
Jon Bible
Rick Gilpin
Patricia Hinojosa
Jim Moellinger