**Reversed and Remanded and Opinion Filed January 28, 2015**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-13-01285-CV

**CREST INFINITI II, LP, Appellant**

**V.**

**TEXAS RV OUTLET AND TURN KEY RECOVERY, Appellees**

**On Appeal from the County Court at Law No. 1**
**Collin County, Texas**
**Trial Court Cause No. 1-860-2012**

## MEMORANDUM OPINION

Before Justices Francis, Evans, and Stoddart
Opinion by Justice Francis

Crest Infiniti II, LP appeals the trial court's take-nothing judgment in favor of Texas RV Outlet and Turn Key Recovery. In two issues, Crest claims the evidence established as a matter of law Crest was entitled to judgment on its tortious interference with a contract and conversion claims, or alternatively, the trial court's conclusion to the contrary is against the great weight and preponderance of the evidence. Crest also contends it was entitled to attorney's fees. Appellees did not file a brief. We reverse the trial court's judgment and remand for further proceedings consistent with this opinion.

Billy Whitaker bought an Infiniti M45 from Texas RV Outlet, financing the purchase through Texas RV Outlet's finance company. In November 2011, Whitaker took his car to Crest for maintenance and repair work. After receiving an estimate of the cost, Whitaker approved the

work. Although a Crest employee contacted Whitaker when the work was completed, Whitaker did not pay for the work or pick up his car. Nearly three weeks later, at the request of Texas RV Outlet, Turn Key Recovery repossessed Whitaker's car for nonpayment, removed it from the Crest lot, and towed it to Texas RV Outlet. When Texas RV Outlet refused to return the vehicle, and ultimately sold it, Crest sued for tortious interference with a contract and conversion and sought attorney's fees. The trial court ordered Crest take nothing and filed findings of fact and conclusions of law, including that appellees did not convert property owned by Crest, Crest did not have a lien on the car, and Crest did not sustain any actual damages.

In its first issue, Crest contends the trial court's judgment was contrary to the law and manifestly wrong and unjust because the undisputed evidence shows Crest had a lien under section 70.001 of the property code, Crest's lien had priority over that held by Texas RV Outlet, Crest had possession of the car and appellees converted the car when they towed it from Crest's car lot without permission.

We review a trial court's findings of fact under the same legal and factual sufficiency of the evidence standards used when determining if sufficient evidence exists to support an answer to a jury question. *Catalina v. Blasdel*, 881 S.W.2d 295, 297 (Tex. 1994). When the appellate record contains a reporter's record, as it does in this case, findings of fact are not conclusive on appeal if the contrary is established as a matter of law or if there is no evidence to support the findings. *Ramsey v. Davis*, 261 S.W.3d 811, 815 (Tex. App.—Dallas 2008, pet. denied). A party challenging the sufficiency of the evidence supporting an adverse finding on which the appealing party had the burden of proof must show the matter was established as a matter of law, or the trial court's failure to make the finding was against the great weight and preponderance of the evidence. *See Croucher v. Croucher*, 660 S.W.2d 55, 58 (Tex. 1983).

Conversion is the unauthorized and wrongful assumption and exercise of dominion and control over the owner's or possessor's property to the exclusion of, or inconsistent with, the owner/possessor's rights. *See Waisath v. Lack's Stores, Inc.*, 474 S.W.2d 444, 447 (Tex. 1971); s*ee French v. Moore*, 169 S.W.3d 1, 14 (Tex. App.—Houston [1st Dist.] 2004, no pet.) (conversion not restricted to owners of property but may also be brought by aggrieved party possessing or having right of immediate possession of property). Conversion is designed to protect against interference with a person's possessory interest in personal property. *Zapata v. Ford Motor Credit Co.*, 615 S.W.2d 198, 201 (Tex. 1981); *see also Killian v. Trans Union Leasing Corp.*, 657 S.W.2d 189, 192 (Tex. App.—San Antonio 1983, writ ref'd n.r.e.) (conversion "is concerned with possession, not title"). To establish a claim for conversion of personal property, a plaintiff must prove: (1) it owned or had legal possession of the property or entitlement to possession; (2) the defendant unlawfully and without authorization assumed and exercised dominion and control over the property to the exclusion of, or inconsistent with, the plaintiff's rights; (3) the plaintiff demanded return of the property; and (4) the defendant refused to return the property. *Khorshid, Inc. v. Christian*, 257 S.W.3d 748, 758−59 (Tex. App.—Dallas 2008, no pet.).

Chapter 70 of the Texas Property Code provides that a worker "who by labor repairs a vehicle" has a lien on the vehicle and may retain possession of the vehicle pending payment of the amount due under a contract for the repairs. TEX. PROP. CODE ANN. § 70.001 (West 2014). A possessory mechanic's lien has priority over a seller's perfected security interest in an automobile. *Gulf Coast State Bank v. Nelms*, 525 S.W.2d 866, 869−70 (Tex. 1975).

At trial, Chance Simpson, a Crest service advisor, said Whitaker brought his car in for service, and Simpson completed a work order detailing the problems Whitaker was experiencing. Whitaker also presented a warranty to cover the work, but Simpson said it was an "after market"

warranty (not issued by Crest or the factory) and did not cover the repairs. James Saliva, the service manager at Crest, spoke with Whitaker before the repairs were made and offered him a 10% discount; he also offered to trade in the Infiniti on a newer model. Whitaker approved the work order, and on December 2, Crest completed the work, which totaled $5,925.81. When Crest offered the exhibit with the work estimate and the actual repair amount, appellees did not object. Simpson said they called Whitaker, but he did not pay for the repairs nor did he claim his vehicle.

On December 21, 2011, a Crest technician called Saliva and told him a tow company was taking Whitaker's car. Saliva went to the area on Crest's property where all the completed cars are placed awaiting customer pick up and saw the Turn Key Recovery tow truck with Whitaker's car leaving the property. Saliva got in his car and tried to chase the truck but due to traffic was unable to stop it; he also "tried calling them with my cellphone as I was driving." When he returned to Crest, he called Turn Key Recovery and Texas RV Outlet and demanded the return of the car; however, neither company returned the car or paid for the repairs.

Saliva described the Crest lot where Whitaker's car was as the staging area holding "all of the completed cars for customers to pick up." The lot is not public property but is Crest private property. Saliva stated that the lot was not locked during hours of operation in order to allow customers to easily retrieve their cars and to comply with fire code regulations. But "the whole property is locked down and guarded by security after hours." Saliva also said the property had "No Trespass" signs posted on the wall that were visible to all.

Lenny Zak, the owner of Texas RV Outlet, said Whitaker bought the car and, after making only one payment, defaulted on the remainder of the payments. Turn Key Recovery repossessed Whitaker's car at Zak's request. Zak said he did not believe they had broken the law because Texas RV Outlet had the lien on the car title. He conceded Turn Key Recovery was

acting as Texas RV Outlet's agent. When asked if he knew about mechanic's liens and the right of a dealership or auto shop to retain possession of a vehicle until payment for work is made, he replied, "I don't know about that."

This evidence shows Crest performed $5,925.81 worth of repairs and maintenance on Whitaker's car at Whitaker's request and authorization; as a result, Crest had a possessory mechanic's lien in that amount for the work performed on the car; Turn Key Recovery, acting as Texas RV Outlet's agent, took control over the car to the exclusion of Crest without Crest's permission or authorization; Crest demanded return of the property; and Texas RV Outlet refused and sold the car. Given this undisputed evidence, the trial court erred by concluding Crest did not have a lien on the car, appellees did not convert the car which Crest possessed at the time, and Crest did not sustain $5,925.81 in actual damages. *See Gulf Coast State Bank*, 525 S.W.2d at 869.

Appellees spent considerable time at trial discussing Crest's security, including why the lot remained unlocked during regular business hours, and even suggested addition measures Crest could have taken to protect its property from appellees. In short, Crest was faulted for failing to prevent appellee Turn Key Recovery from entering its lot and "peaceably" towing the car. While a possessory lien held by a mechanic or repairman may be lost upon the voluntary delivery of the vehicle to the owner, we conclude it was not lost when appellees trespassed and took the car from Crest's private lot without permission or authority. We sustain Crest's first issue.

In its second issue, Crest contends it was entitled to attorney's fees under Chapter 70 of the property code and asks this Court to award the same. Section 70.008 of the property code provides, in relevant part, "The court in a suit concerning possession of a motor vehicle . . . and a debt due on it may award reasonable attorney's fees to the prevailing party." TEX. PROP. CODE

ANN. § 70.008 (West 2014). The statute does not restrict the award of attorney's fees to one suing on a debt who wishes to retain possession of a vehicle. *Elite Towing v. LSI Fin. Grp.*, 985 S.W.2d 635, 645 (Tex. App.—Austin 1999, no pet.); *Kollision King, Inc. v. Calderon*, 968 S.W.2d 20, 24 (Tex. App.—Corpus Christi 1998, no pet.).

Crest's right of possession of the vehicle and the debt secured by the possessory lien were at issue in this case. And because Crest established as a matter of law that Texas RV Outlet and Turn Key Recovery, as its agent, converted the vehicle, Crest is the prevailing party. We sustain Crest's second issue to the extent it seeks a determination of whether attorney's fees may be awarded to Crest in this case. *See Elite Towing*, 985 S.W.2d at 645 (prevailing party entitled to attorney's fees); *Kollision King, Inc.*, 968 S.W.2d at 24 (same); *Seureau v. Mudd*, 515 S.W.2d 746, 749 (Tex. Civ. App.—Houston [14th Dist.] 1974, writ ref'd, n.r.e.) (within trial court's discretion to award attorney's fees to prevailing party).

We reverse the trial court's judgment that Crest take nothing and remand this case to the trial court to (1) render judgment in favor of Crest in the amount of $5,925.81 on its claim for conversion and (2) determine the amount of attorney's fees, if any, to be awarded to Crest as the prevailing party.

131285F.P05

/Molly Francis/
MOLLY FRANCIS
JUSTICE



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

CREST INFINITI II, LP, Appellant

No. 05-13-01285-CV     V.

TEXAS RV OUTLET AND TURN KEY
RECOVERY, Appellees

On Appeal from the County Court at Law
No. 1, Collin County, Texas
Trial Court Cause No. 1-860-2012.
Opinion delivered by Justice Francis,
Justices Evans and Stoddart participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **REVERSED** and this cause is **REMANDED** to the trial court to (1) render judgment in favor of Crest in the amount of $5925.81 on its claim for conversion and (2) determine the amount of attorney's fees, if any, to be awarded to Crest as the prevailing party.

It is **ORDERED** that appellant CREST INFINITI II, LP recover its costs of this appeal from appellees TEXAS RV OUTLET AND TURN KEY RECOVERY.

Judgment entered January 28, 2015.